## 72393. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT et al.
### (350 SE2d 325)

BEASLEY, Judge.

This appeal involves the trial court's grant of a summary judgment in a declaratory judgment action. Lewis, driving a vehicle owned by Boyd and insured by Fire and Casualty, collided with a vehicle owned and operated by the Roundtrees. The Roundtrees sued Boyd and Lewis. Fire and Casualty brought the declaratory judgment action seeking a determination that there was no coverage under its policy with Boyd. Georgia Farm, the uninsured motorist carrier for the Roundtrees, intervened and contended there was coverage under the Fire and Casualty contract.

The undisputed facts were that Lewis was driving an automobile owned by Boyd without her knowledge or permission; that Lewis knew he was not allowed the use of the vehicle and if he had asked for permission it would have been denied; and that Lewis and Boyd, cousins, were living with their grandmother in her house.

The insurance policy issued by Fire and Casualty to Boyd stated: "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." "Covered person" as defined includes the named insured

"or any family member for the ownership, maintenance or use of any auto or trailer" and "any person using your covered auto." Boyd's automobile was "your covered auto" since it was the vehicle named in the policy declaration. With reference to the named insured, " 'family member' means a person related to you by blood, marriage or adoption who is a resident of your household." The policy also contained exclusions, one of which was: "We do not provide Liability Coverage for any person . . . using a vehicle without a reasonable belief that that person is entitled to do so."

After discovery, Fire and Casualty sought and won summary judgment on the ground that since Lewis knowingly took the vehicle contrary to instructions and without permission, he was excluded from coverage. Intervenor Georgia Farm appealed.

Fire and Casualty argues that the exclusionary language is plain and unambiguous and thus under the facts here Lewis is not covered by the policy. Georgia Farm counters that, in context with the entire liability provisions, an ambiguity is created. It argues that Lewis is covered both as a family member and operator of the insured vehicle and the term "any person" in the exclusion should have reference only to those who are not so encompassed.

" 'While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms.' " *Cotton States &c. Ins. Co. v. American &c. Ins. Co.*, 140 Ga. App. 657, 658 (3) (231 SE2d 553) (1976). An insurance policy, like any other contract, must be interpreted according to its plain language and express terms. *Grange Mut. Cas. Co. v. King*, 174 Ga. App. 716, 718 (2) (331 SE2d 41) (1985). "[W]here the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." *Moore v. Allstate Ins. Co.*, 108 Ga. App. 60 (1) (131 SE2d 834) (1963).

The traditional "omnibus" clause contains the exclusionary language phraseology (provided the use of the vehicle is with the permission or consent of the named insured) within the confines of its provision. See 7 AmJur2d 816, Auto. Ins., § 248; Jenkins, Ga. Auto. Liability Ins., § 2-5. However, the language here is of the more recent "easy reading" type. Coverage of all types is first set forth in one part and all the exclusions are grouped separately. The language "any persons" refers to each of the nine exclusions listed, including the one in question. It is clear that "any person" means just that, including the named insured. For instance, the first exclusion is that liability coverage is not provided to "any person . . . who intentionally causes bodily injury or property damage." This would exclude the named in-

sured or any covered person who acted intentionally. Therefore, construing the policy according to the entirety of its terms and conditions, OCGA § 33-24-16, the exclusion in question applies to "any person."

The focus of the "easy reading" provision has changed from that of the "omnibus" clause. With an omnibus clause the issue is whether there was permission and acts within the scope of that permission. Under the instant exclusion the issue is shifted to the state of mind of the user. Jenkins, Ga. Auto. Liability Ins., § 2-5; *Robertson v. Lumbermen's Mut. Cas. Co.*, 160 Ga. App. 52 (286 SE2d 305) (1981). In *Robertson* this court determined both whether an individual was covered as a resident in insured's household (finding he was not) and whether he was excluded because he had no reasonable belief that he was entitled to use the vehicle (finding he was indeed excluded). Under our construction of the policy in this case it would only have been necessary to find that the exclusion applied. *Robertson* did not address this issue, however, and therefore is not controlling in that respect as to this case.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 7, 1986.

*Robert H. Preston*, for appellant.

*J. Floyd Thomas, C. Edwin Rozier, Franklin D. Rozier, Terry A. Dillard, Bryant H. Bower, Jr.*, for appellees.