A89A1786. SAFEWAY INSURANCE COMPANY v. HOLMES
et al.
(390 SE2d 52)

McMURRAY, Presiding Judge.

This is a declaratory judgment action. Plaintiff Safeway Insurance Company issued a policy of automobile insurance to defendant Roger Cox which insured a 1982 Ford Escort automobile. On December 5, 1985, defendant Carol Cox, wife of defendant Roger Cox, drove a rented 1985 Mustang to a shopping mall where she became so ill as to be unable to drive and was taken home. Thereafter, defendant Heather Shea Holmes, daughter of defendant Carol Cox, accompanied a friend to the shopping mall in order to drive the rented 1985 Mustang home. While doing so defendant Holmes was involved in a collision with the vehicle of defendant Collins. Defendant Collins filed an action to recover damages for alleged injuries received in the colli-

sion against defendants Holmes, Carol Cox and Roger Cox.

Plaintiff undertook the defense of the automobile collision action under a reservation of rights and filed this action seeking a declaration that no coverage exists under the insurance policy issued to defendant Roger Cox with respect to any liability plaintiff's insureds may be adjudged owing as a result of the alleged actions referred to in the automobile collision case. Defendants contend that coverage was provided to the rented 1985 Mustang under a policy provision which provided coverage to: "Any auto . . . you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its breakdown, repair, servicing, loss or destruction." Upon the trial of the case before the superior court without a jury, the superior court granted defendants' motion to dismiss following the presentation of plaintiff's evidence. *Held*:

1. Plaintiff contends that it was error for the trial court to find that the 1985 Mustang was a temporary substitute automobile within the terms of the insurance policy since at the time of the collision the insured 1982 Ford Escort was in normal service. However, both defendant Roger Cox and defendant Carol Cox testified that the insured 1982 Ford Escort was placed in the shop for mechanical repairs prior to December 5, 1985. While plaintiff presented testimony of an independent claims adjuster concerning his telephone conversation with defendant Carol Cox in which she stated that the 1982 Ford Escort was at home at the time of the motor vehicle collision, her testimony that the 1982 Ford Escort was not driveable on the date of the collision was not rebutted.

Pursuant to OCGA § 9-11-41 (b), upon defendant's motion to dismiss at the close of plaintiff's evidence in a nonjury trial the trial court has the power to adjudicate the case on the merits and need not view the evidence in the light most favorable to plaintiff. "Thus, in cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. *Givens v. Gray*, 126 Ga. App. 309, 310 (190 SE2d 607) and cits." *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 352 (2) (214 SE2d 588). See also *Kennery v. Mosteller*, 133 Ga. App. 879 (212 SE2d 447). The trial court, as trier of fact, was authorized to conclude on the basis of the evidence before it that the insured 1982 Ford Escort was not in normal use on December 5, 1985, the date of the collision. We find nothing in the trial court's conclusions inconsistent with our decision in *State Farm &c. Ins. Co. v. Lietz*, 122 Ga. App. 596, 598 (178 SE2d 218) since the trial court was authorized to conclude that, on the date of the collision, the insured 1982 Ford Escort was in the shop for mechanical repairs or, if at home, in an inoperable condition. This enumeration of error is without merit.

2. Plaintiff's second enumeration of error is predicated on an exclusion in the policy which states that: "We do not provide Liability Coverage . . . [f]or any person using a vehicle without a reasonable belief that the person is entitled to do so." Two arguments are presented in support of plaintiff's contention that the trial court erred in concluding that defendant Holmes had a reasonable belief that she was entitled to use the 1985 Mustang.

First, plaintiff relies upon various provisions of the rental contract for the 1985 Mustang which restricted the drivers of the automobile and terminated permission to use the vehicle prior to the date of the collision. However, the 1985 Mustang was rented by defendant Roger Cox and there is no indication that defendant Holmes, who was not a party to that contract, had any knowledge as to its terms. Defendant Roger Cox testified that he "distinctly told [defendant Holmes] to get the car because her mother was unable to drive the car, to bring it straight home to my house and not go any further and she was on her way home when this accident occurred." Thus, from the perspective of defendant Holmes, she received permission to use the 1985 Mustang from an apparently appropriate source, defendant Roger Cox.

Finally, plaintiff contends that defendant Holmes, who was 15 years of age at the time of the collision, had no reasonable belief that she was entitled to use the 1985 Mustang since her operation of the vehicle was in violation of OCGA § 40-5-24 (a) which forbids 15-year-old drivers to operate a motor vehicle without being accompanied by a licensed driver at least 18 years of age. However, this statute relates to the manner of defendant Holmes' use of the vehicle and does not abrogate the fact that she had received permission for the use of the 1985 Mustang from an apparently appropriate source. Compare *McCraney v. Fire &c. Ins. Co.*, 182 Ga. App. 895 (357 SE2d 327).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 21, 1989 —
REHEARING DENIED JANUARY 4, 1990 — ▋▋▋▋▋▋

*Crim & Bassler, Harry W. Bassler, Joseph M. Murphey, Thomas S. Bechtel*, for appellant.
*William V. Hall, Jr.*, for appellees.