A90A1078. SAMPLES v. SOUTHERN GUARANTY INSURANCE COMPANY OF GEORGIA.
(398 SE2d 220)

CARLEY, Chief Judge.

Appellant-defendant Steven Samples was injured when his vehicle was struck by a vehicle which was owned by appellant-defendant James Waite, but which was being operated by appellant-defendant Virgil Bankston. As the insurer of Waite's vehicle, appellee-plaintiff Southern Guaranty Insurance Company of Georgia initiated this declaratory judgment action, seeking a declaration that it afforded Bankston no liability coverage. After discovery, appellee moved for summary judgment, relying upon the provision of its policy which excluded liability coverage for any person who drove Waite's vehicle "without a reasonable belief that [he] is entitled" to do so. The trial court conducted a hearing and, finding that no genuine issue of material fact remained as to Bankston's lack of a reasonable belief in his entitlement to drive Waite's vehicle, granted summary judgment in favor of appellee. Samples appeals from this order of the trial court.

The following facts are undisputed: On the evening before the collision, Bankston dropped by Waite's home for a social visit. He drank a large amount of alcohol and, after becoming highly intoxicated, either fell asleep or passed out. Between 1:30 a.m. and 4:00 a.m. the next morning, he awoke and drove away in Waite's car rather than his own. The keys had been left in Waite's car and Bankston did

not seek permission before he took his friend's car. Although he had never been told that he could not drive Waite's car, he had never been told that he could. He had never driven or borrowed Waite's car before. Shortly after taking Waite's car, he collided with Samples. At the time of the collision, Bankston's blood-alcohol level was .13 percent and he pled guilty to a charge of driving under the influence. Waite swore out a warrant against Bankston for automobile theft.

Notwithstanding this undisputed evidence, Samples urges that a genuine issue of material fact remains as to whether Bankston had a reasonable belief in his entitlement to take and drive Waite's car. Samples relies upon an affidavit wherein Bankston averred that he and Waite had "been friends for a lot of years and [he] didn't think [Waite] would have minded anyway. If [Waite] had wanted to borrow [his] car, [he] would have loaned it to [Waite], and [he was] sure [Waite] would do the same for [him]. [Waite] certainly never told [him he] couldn't borrow it, and [he] sure didn't think [he] was taking it without [Waite's] O.K."

Bankston's affidavit may be sufficient to show that he *unilaterally assumed* that he was in fact entitled to drive Waite's car and thus lacked the criminal intent to steal it. However, the issue to be decided is whether such a unilateral assumption on Bankston's part was *reasonable* so as to authorize the extension of liability coverage to him under the terms of the policy that appellee issued to Waite. According to Bankston's affidavit, his unilateral assumption that he was entitled to take and drive Waite's car was based upon his mere status as a friend. "A reasonable belief that one has implied permission to drive his or her *spouse's automobile* may otherwise be inferred from the existence of the marital relationship and from possession of a set of keys to that automobile." (Emphasis supplied.) *Omni Ins. Co. v. Harps*, 196 Ga. App. 340, 342 (396 SE2d 66) (1990). However, no authority has been cited for the proposition that a belief that one has implied permission to take and drive another's automobile at will may otherwise be reasonably inferred from the existence of merely a friendly relationship and from non-permissive access to a set of keys to that automobile. Unlike spouses who have exchanged keys to their respective cars, friends who have not done so cannot reasonably be presumed to have dispensed with the necessity for securing express permission prior to driving each other's automobiles. Absent some evidence in addition to the showing that Waite had left the keys in his car and was a friend of Bankston, a finding that the latter had a *reasonable* belief that he had implied permission to take and drive the former's automobile at will would not be authorized. See generally *Willis v. Allen*, 188 Ga. App. 390 (373 SE2d 79) (1988).

In support of its motion, appellee produced evidence that Waite had given no express or implied permission for his automobile to be

driven by Bankston. In opposition to appellee's motion, Samples produced no evidence that Waite had ever given express permission for his automobile to be driven by Bankston, but he relied entirely upon Bankston's unilateral assumption that he had implied permission to take the car merely because of his friendship with Waite. Since this unilateral assumption fails to demonstrate that Bankston had a *reasonable* belief in his entitlement to take and drive Waite's car, it follows that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990 —
REHEARING DENIED OCTOBER 15, 1990 — 

*Germano, Kimmey & Cheatwood, J. Lansing Kimmey III,* for appellant.

*Darroch & Obenshain, Robert M. Darroch, Mark A. Barber, Husby, Myers & Stroberg, W. Allan Myers, Laura E. Austin,* for appellee.