A91A1497. SAFEWAY INSURANCE COMPANY v. JONES et al.
(415 SE2d 19)

POPE, Judge.

On January 1, 1988, appellant/plaintiff Safeway Insurance Company ("Safeway") issued a six month automobile policy to Mr. John M. Braun to cover a 1980 Oldsmobile Cutlass. The record reveals that while the Cutlass was owned by John Braun it was primarily used by his daughter, Laurie Braun. Mr. Braun had instructed his daughter not to let anybody drive the car. On March 18, 1988, Ms. Braun, however, allowed her then 16-year-old unlicensed boyfriend, appellee/defendant Gregory Thomas Jones, Jr., to drive the car. While Jones was driving the car, he collided with an automobile driven and owned by appellee/defendant Mary Elizabeth Hunnicutt.

As a result of the collision, Ms. Hunnicutt and her husband filed suit in State Court of Cobb County alleging personal injuries to Ms. Hunnicutt and loss of consortium on the part of Mr. Hunnicutt. Safeway then filed this case seeking declaratory relief concerning its obligation to defend and/or pay any judgment rendered against Jones. Safeway filed a motion for summary judgment on this issue. That motion was denied by the trial court. We granted Safeway's motion for interlocutory appeal from the trial court's denial of Safeway's motion for summary judgment.

The insurance policy issued by Safeway to Mr. Braun provided coverage for "damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." Covered person is defined in part as including "[y]ou or any family member" and "[a]ny person using your covered auto with

your express or implied permission." The policy also contains certain exclusions from coverage. Safeway contends that Jones' use of the insured vehicle is excluded from coverage by the exclusion that denies liability coverage "[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so." We agree.

As we noted in *Georgia Farm &c. Ins. Co. v. Fire & Cas. Ins. Co. of Conn.*, 180 Ga. App. 777, 779 (350 SE2d 325) (1986), the pertinent exclusion focuses on the state of mind of the person using the vehicle. As an unlicensed driver, Jones could not have "reasonably" believed that he was entitled to drive the insured vehicle or any other vehicle, regardless of whether he had his girl friend's permission to do so. Accordingly, the trial court should have granted Safeway's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 14, 1992.

*Crim & Bassler, Harry W. Bassler, Joseph M. Murphey*, for appellant.

*John J. Capo, Jones, Fagan & Kanner, Gregory T. Jones, Allman & Peters, James P. Peters*, for appellees.

