## A94A0067. CINCINNATI INSURANCE COMPANY v. PLUMMER et al.

### (444 SE2d 378)

McMurray, Presiding Judge.

Plaintiff Cincinnati Insurance Company (insurer) issued an automobile liability insurance policy to Kenneth Plummer and his spouse Connie Plummer. Jessica Slusser was a passenger in the covered vehicle when the Plummers' daughter, Cindy Plummer, drove the car off the road. Slusser brought a tort action against Cindy Plummer to recover for her personal injuries. The insurer denied coverage under its liability policy for the damages sought in that underlying tort action and commenced this action for declaratory judgment to determine its rights and duties under the policy. Cross-motions for summary judgment were argued before the court. The trial court denied the insurer's motion for summary judgment and granted that of defendants Plummer and Slusser, holding that liability coverage was afforded Cindy Plummer under the insurer's policy for injuries Plummer may have caused Slusser. This direct appeal followed.

The circumstances of the automobile mishap are undisputed. On the date of the accident, Cindy Plummer was 14 years old and Jessica Slusser was 13. Neither girl was licensed to drive and neither had a learner's permit. While the Plummers were asleep, Cindy took the car keys without permission from Connie Plummer's purse. The girls then silently steered the car out of the driveway and drove about the neighborhood. The accident occurred at 5:00 a.m. when Cindy lost control and the car struck an embankment. In depositions, each girl testified that they knew they had no express permission to take the car. Once before, Cindy had taken her mother's car keys from the kitchen table and backed the car down the driveway in order to have access to a basketball net at the top of the drive. When Connie Plummer observed this, she scolded her daughter for driving without a license. Thereafter, Mrs. Plummer kept the car keys in her purse but did not take steps to hide them or keep them locked away.

Based upon these undisputed facts, the insurer moved for summary judgment, relying on an exclusion which stated: "We do not provide Liability Coverage for any person: . . . (8) Using a vehicle without a reasonable belief that that person is entitled to do so." Defendants filed an opposing motion for summary judgment, contending that liability coverage was afforded under the policy because the exclusion relied on by the insurer did not apply to family members of the named insured. The separate orders of the trial court denying the insurer's motion and granting defendants' motion are enumerated as error. *Held*:

1. The first issue for resolution is the application of the policy language excluding liability coverage to "any person using a vehicle

without a reasonable belief that that person is entitled to do so." The language of this exclusion is that of an "easy reading" policy rather than the traditional "omnibus" clause. *United Svcs. Auto. Assn. v. Lail*, 192 Ga. App. 487, 488 (1) (385 SE2d 424). "The language 'any persons' refers to each of the nine exclusions listed, including the one in question. It is clear that 'any person' means just that, including the named insured." *Ga. Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co. of Connecticut*, 180 Ga. App. 777, 778 (350 SE2d 325). Likewise, the exclusion of "any person using a vehicle without a reasonable belief that that person is entitled to do so" applies to a family member of the named insured. *Omni Ins. Co. v. Harps*, 196 Ga. App. 340, 342 (396 SE2d 66). (Exclusion applied to spouse of named insured who held no reasonable belief that he had permission to drive his wife's car when he had no driver's license.) See also *Robertson v. Lumbermen's Mut. Cas. Co.*, 160 Ga. App. 52, 54 (2) (286 SE2d 305), overruled on other grounds *Grange Mut. Cas. Co. v. Brinkley*, 182 Ga. App. 273 (355 SE2d 767). Although Slusser points to the fact that the term "family member" is printed throughout the policy in bold-faced type in an attempt to find an ambiguity which should be construed strictly against the insurer as the drafter, we note that bold-faced type merely indicates a term which is expressly defined by the policy. No judicial construction of the unambiguous term "any person" is authorized. *Ga. Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co. of Connecticut*, 180 Ga. App. 777, 778, supra. Accord *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 514 (1) (330 SE2d 443). No public policy precludes the application of this exclusion. *Cook v. Prudential Property &c. Ins. Co.*, 206 Ga. App. 492, 493 (2) (426 SE2d 222). In the case sub judice, the exclusion applying to "any person" is not rendered inapplicable simply because the tortfeasor is a family member of the named insured. "The exclusion is applicable as against 'any person' and, in any alleged insured event, it is a relevant inquiry whether the circumstances are such that the 'insured person' had a reasonable belief that he or she had permission to use the vehicle." *Omni Ins. Co. v. Harps*, 196 Ga. App. 340, 342, supra. Consequently, if Cindy Plummer held no reasonable belief that she was entitled to drive her mother's vehicle, then the exclusion relied on by the insurer would apply to deny liability insurance coverage for legal damages for which she might be responsible. The grant of defendants' motion for summary judgment awarding liability coverage was erroneous.

2. The undisputed facts show that Cindy Plummer had no driver's license or permit. She previously had been scolded by her mother for moving the car a few feet in the family's driveway without her mother's prior consent, supervision, and assistance. She knew that she did not have permission to take the car. Nevertheless, she pur-

loined the keys from her mother's purse after her parents were asleep and drove the vehicle without the supervision of a licensed driver in the vehicle. "The use of the term 'reasonable belief' in the exclusionary clause provides an objective standard. . . . From the language of the clause it is clear that coverage is excluded if the driver (a) knew he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief or claim. [Cit.]" *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513, 514 (1), supra. Defendants concede that Cindy Plummer had no express permission to take the car but urge that a fact question exists as to whether the failure of Mrs. Plummer to take stricter measures to prevent surreptitious access to her car keys gave Cindy implied permission to move the vehicle. However, the bare fact that the parents did not hide the keys simply is not any evidence that the unlicensed 14-year-old reasonably believed her parents would ratify an unsupervised 4:00 a.m. frolic and jaunt throughout the neighborhood in defiance of their earlier express prohibition. A reasonable belief that an unlicensed 14-year-old has implied permission to take and drive another's automobile will not be inferred merely from the existence of the parent-child relationship and from non-permissive access to a set of keys to that vehicle. See *Samples v. Southern Guaranty Ins. Co. of Ga.*, 197 Ga. App. 258, 259 (398 SE2d 220). "As an unlicensed driver, [Cindy Plummer] could not have 'reasonably' believed that [s]he was entitled to drive the insured vehicle or any other vehicle, [without permission and supervision from an appropriate authority]. Accordingly, the trial court should have granted [the insurer's] motion for summary judgment." *Safeway Ins. Co. v. Jones*, 202 Ga. App. 482, 483 (415 SE2d 19). Accord *Johnson v. Blue Ridge Ins. Co.*, 189 Ga. App. 616 (376 SE2d 703). See also *Rogers v. Travelers Indem. Co. of America*, 202 Ga. App. 77 (1) (413 SE2d 254). Compare *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 162 (2) (390 SE2d 52). (Exclusion inapplicable to 15-year-old with learner's permit who, under directions from her stepfather to bring the car straight home, drove without the supervision of a licensed driver at least 18 years of age in violation of OCGA § 40-5-24 (a).)

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 23, 1994.

*Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt*, for appellant.

*C. Alan Mullinax, Larry L. Duttweiler*, for appellees.