A94A1677. MILLER et al. v. SOUTHERN HERITAGE INSURANCE COMPANY.
A94A1678. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SOUTHERN HERITAGE INSURANCE COMPANY.
(450 SE2d 432)

BEASLEY, Presiding Judge.

Southern Heritage issued an insurance policy to Donald E. Chambers, Sr., covering an automobile used primarily by his son, Donald E. Chambers, Jr. While the car was being driven by 15-year-old Stephen Adams, it was involved in a collision injuring David Miller, a passenger. Since Adams possessed only a learner's permit and Miller was only 17 years old, Adams was driving illegally. OCGA § 40-5-24 (a). Nevertheless, he had been given permission to drive the car by Donald E. Chambers, Jr. Adams was insured by State Farm, although it disputes coverage.

Southern Heritage paid Miller's medical expenses under liability coverage for bodily injury until those expenses reached something over $11,000, less than the $15,000 it then believed it was obligated to pay by law. After failing to negotiate a settlement, Southern Heritage sought declaratory judgment. It alleged that it had mistakenly made payments and was not liable for any of the expenses at all. It asserted in the alternative that it was liable for not more than $15,000, the statutory minimum automobile liability insurance required. See OCGA §§ 33-34-4; 40-9-34 (2); 40-9-37. The declaratory judgment action was based on a clause in Chambers' policy that excluded liability coverage "for any person . . . (8) [u]sing a vehicle without a reasonable belief that the person is entitled to do so." By cross-complaint, the Millers claimed damages substantially in excess of $15,000.

Southern Heritage was granted summary judgment. The court held that Adams could not have had a reasonable belief that he was entitled to drive the car, that he was not a covered person under the policy, and that Southern Heritage was not liable to the Millers. The Millers' motion for summary judgment was denied. In Case No. A94A1677, the Millers appeal the denial of their motion and the grant of Southern Heritage's motion for summary judgment; in Case No. A94A1678, State Farm appeals the grant of Southern Heritage's motion.

## *Case No. A94A1677*

1. The Millers first argue that their motion for summary judgment should have been granted because Southern Heritage improperly sought a declaratory judgment in that it was seeking confirmation of actions already taken, not guidance. The purpose of the declaratory judgment act, which is to be "liberally construed and administered," is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. " ' " ' "The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated." ' " ' " *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 333-334 (2) (419 SE2d 143) (1992).

As to approximately the first $11,000, Southern Heritage does not need guidance. It has already paid this amount, and there is no controversy with respect to it. Instead, Southern Heritage seeks a declaration that payment of this amount is not required by law or contract. Such would be merely advisory; the only actual controversy as to this money is created by the declaratory judgment action itself, and one cannot create a controversy for declaratory judgment purposes by filing a lawsuit. If the court ruled that insurance law imposed a duty to pay it, no future action would be necessary. If the court ruled that Southern Heritage was not required to pay it, its only possible future action would be to demand reimbursement and file suit to collect it. The avoidance thereof is not the purpose of a declaratory judgment action.

There do remain unanswered questions of Southern Heritage's obligation to supply a defense to Chambers, and its obligation to pay additional amounts, that is, the unpaid amount up to $15,000 and any amount beyond $15,000. A declaratory judgment action is appropriate as to the issue of these unmet claims. Contrary to the Millers' contention, the declaratory judgment action was not filed after a denial of a claim; Southern Heritage's offer to settle the Millers' future claims did not constitute a denial of coverage and does not make the action advisory. See *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16 (413 SE2d 450) (1992).

The Millers also contend that their motion for summary judgment should have been granted because Southern Heritage, by paying some medical expenses, waived reliance on the exclusion clause or is estopped from asserting that the clause is operative. Southern Heritage responds that it did not waive the exclusion clause but paid medical expenses to the extent it did because, under its interpretation of Georgia case law, public policy required it to do so.

Southern Heritage produced evidence that it believed it was required by the Supreme Court's decision in *Stepho v. Allstate Ins. Co.*,

259 Ga. 475 (383 SE2d 887) (1989), to provide coverage up to the $15,000 statutory requirement to comply with public policy. *Stepho* requires that exclusionary clauses be declared void when "the injured party [or] the unsuspecting insured is left unprotected." Id. at 476 (1); see also *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 341 (1) (329 SE2d 136) (1985). Having made this determination, Southern Heritage proceeded to pay without seeking a declaratory judgment on that issue, until it had paid about $11,000.

The court did not determine whether *Stepho* required the payments nor does the record include all the information necessary to determine the issue. Whether public policy would be violated by the operation of the exclusion clause involves a fact specific inquiry; each case "must be individually evaluated to determine whether [the exclusion clause is] against public policy. [Cit.] . . . [and the court] must determine whether in the context of [each] case the exclusion either unfairly penalizes innocent victims or unfairly exposes the insured to liability." *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987).

After the declaratory judgment action was filed, State Farm contended that it was not liable under its policy. The evidence is incomplete to decide if Southern Heritage is obligated beyond what it has paid, up to $15,000. The public policy issue does not affect the amounts paid nor any amount over $15,000.

If *Stepho* did require the payments, there was no waiver of the exclusion clause because Southern Heritage had no practical choice as a legal matter; it could have been forced to pay. If *Stepho* did not require the payments, then there was a waiver of the exclusion clause up to the amounts paid, because Southern Heritage did not seek declaratory judgment before making them, instead risking error in its interpretation of *Stepho*. "An insurer may waive or be estopped from enforcing even valid policy exclusions by failing to assert them in a timely manner. [Cit.]" *Daniel v. Safeway Ins. Co.*, 199 Ga. App. 833, 835 (1) (406 SE2d 266) (1991). Compare *Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863, 866-867 (1) (303 SE2d 43) (1983).

As to Southern Heritage's obligations over $15,000, it timely asserted the exclusion when payments approached the $15,000 level, by telephone conversation with, and letter to, Miller's father.

2. The court ruled that Southern Heritage had shown there was no question of fact that the exclusionary clause applied. The Millers contend that it is for a jury to decide if the provisions of the exclusion clause were met, arguing that Adams could be found to have had a reasonable belief that he was entitled to use the car.

"Under the instant exclusion the issue is . . . the state of mind of the user. [Cits.]" *Ga. Farm &c. Ins. Co. v. Fire &c. Ins. Co.*, 180 Ga. App. 777, 779 (350 SE2d 325) (1986). " 'The use of the term "reasona-

ble belief" in the exclusionary clause provides an objective standard. . . . From the language of the clause it is clear that coverage is excluded if the driver (a) knew he was not entitled to drive the vehicle, or (b) if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such a belief or claim. [Cit.]' [Cit.]" *Cincinnati Ins. Co. v. Plummer*, 213 Ga. App. 265, 267 (2) (444 SE2d 378) (1994).

In the context of a clause such as the one at issue, two types of permission or authority are needed: permission of the person properly in control of the car and permission of the State. Without reasonable grounds for a belief that permission from the owner and authority from the State were granted, it cannot be maintained that Adams reasonably believed he was entitled to use the vehicle. Adams admitted he knew in advance that, as a holder of a learner's permit, he was not legally authorized to drive *any* car, including the Chambers' car on this occasion, without a licensed adult accompanying him. As a matter of law, he cannot be considered to have had any "reasonable belief" that he was entitled to drive the car. The exclusion clause applies.

*Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 162 (2) (390 SE2d 52) (1990), is not controlling. *Holmes* determined that there was a jury question about an underaged driver's reasonable belief, but the court in that case was apparently faced only with the existence of the law prohibiting a driver aged 15 from operating a car without a properly licensed adult supervisor, OCGA § 40-5-24 (a). The decision did not focus upon the driver's state of mind and no facts are recited as to whether the 15-year-old driver in that case knew she was not legally authorized to drive.

### Case No. A94A1678

3. State Farm contends that Southern Heritage waived any right to assert that the exclusion barred any coverage because it untimely raised the exclusion. This issue has been addressed in Division 1.

4. State Farm also contends the court erred in granting Southern Heritage summary judgment because it is a question for a jury whether Adams had a reasonable belief that he was entitled to drive the car. This issue is resolved in Division 2.

In sum, there are three different amounts of coverage at issue; (1) the payments already made, as to which a declaratory judgment action does not lie, (2) unpaid amounts up to $15,000, as to which it must be determined whether *Stepho* applies; (3) amounts over $15,000 (and unpaid amounts up to $15,000 if *Stepho* does not require payment), as to which the court correctly ruled there had been no waiver.

To the extent that the trial court's grant of summary judgment addressed Southern Heritage's liability for sums already paid, it was in error and is reversed; the propriety of summary judgment as to Southern Heritage's liability for unpaid sums below $15,000 cannot be determined under *Stepho* given the facts on record and must be addressed on remand; the grant of summary judgment on the issue of Southern Heritage's liability for sums over $15,000 and its duty to defend was correct and is affirmed. As to the Millers' motion for summary judgment, denial was error as to amounts already paid, liability cannot be determined as to unpaid amounts under $15,000 except on remand, and denial was correct as to amounts over $15,000.

*Judgments affirmed in part, reversed in part, and remanded. Andrews and Johnson, JJ., concur.*

DECIDED OCTOBER 20, 1994 —
RECONSIDERATION DENIED NOVEMBER 10, 1994 — ▮▮▮▮▮▮▮▮

*Duffey & Duffey, Harl C. Duffey, Jr., Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr.,* for Miller.

*Harper, Waldon & Craig, Thomas D. Harper, Hilliard V. Castilla,* for State Farm Ins. Co.

*Goodman, McGuffey, Aust & Lindsey, William P. Claxton, Constance C. Russell,* for Southern Heritage Ins. Co.