## A94A2368. CINCINNATI INSURANCE COMPANY
## v. MULLINAX et al.
### (450 SE2d 336)

BLACKBURN, Judge.

The Cincinnati Insurance Company (Cincinnati) appeals the trial court's grant of defendants' motion for summary judgment and the denial of its own motion for summary judgment. In the underlying declaratory judgment action, Cincinnati sought a determination of the rights and obligations conferred in the automobile insurance contract issued by Cincinnati to defendants Randy J. Mullinax and Shawn A. Mullinax.[1]

Randy and Shawn Mullinax are listed as the named insureds on the automobile insurance contract issued by Cincinnati. While using their car, without their permission, the Mullinax's 15-year-old daughter, Meagan Ann Mullinax, was involved in an automobile accident with Patricia Ferguson. Jaime Anderson, a 15-year-old friend of Meagan's, was in the car with Meagan.

The Andersons filed a complaint against the Mullinaxes to recover damages for Jaime Anderson's injuries resulting from the accident. Thereafter, the Mullinaxes refused to sign Cincinnati's non-waiver agreement, and Cincinnati sent Randy and Shawn Mullinax a reservation of rights letter which explained Cincinnati's potential defense to the Andersons' claims and Cincinnati's intention to file the present action. Three days later, Cincinnati filed the present action.

Subsequently, Patricia Ferguson filed suit against the Mullinaxes to recover damages for injuries sustained in the accident, and Cincinnati sent a reservation of rights letter to the Mullinaxes with regard to this suit.

1. The first issue which must be determined is whether Cincinnati's reservation of rights letters were sufficient. Appellees contend that the reservation of rights letters were insufficient as to any claims asserted against Meagan Mullinax because the letters were directed to Meagan's parents and did not reference Meagan.

"Upon learning of facts reasonably putting [the insurance company] on notice that there may be grounds for noncoverage and where

---

[1] The defendants in the underlying action and appellees herein are Randy J. Mullinax and Shawn A. Mullinax, individually and as parents and guardians of Meagan Ann Mullinax, Meagan Ann Mullinax, Kathleen Anderson and William Anderson, individually and as parents and guardians of Jaime Anderson, Jaime Anderson, Patricia S. Ferguson, and State Farm Mutual Automobile Insurance Company.

the insured refuses to consent to a defense under a reservation of rights, the insurer *must* thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action." *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245) (1976).

Meagan Mullinax is not defined as an insured or an additional insured by the insurance contract. Her status under the liability coverage portion of the contract is that of a family member. A family member is defined by the contract as a person related to the named insured by blood who is a resident of the named insured's household. The reservation of rights letters were sent to Meagan's parents, the named insureds, at the named insured's address. Therefore, Cincinnati complied with the *Richmond* requirements.

Furthermore, "[t]he rule enunciated in *Richmond* is based on principles of fairness, and, in determining whether an insurer has met the requirements thereof, the crucial inquiry is whether the rights of the insured have been adequately protected." *Kelly v. Lloyd's of London*, 255 Ga. 291, 293-294 (336 SE2d 772) (1985). In *Kelly*, the Supreme Court addressed whether an insurance company's failure to follow the *Richmond* requirements by delaying its filing of the declaratory judgment action created a waiver of the insurance company's contract defenses. 255 Ga. at 293. The Court focused on whether the insureds demonstrated any prejudice caused by the delay in filing the declaratory judgment action, and finding none; the Court determined that the delay was reasonable. 255 Ga. at 294.

In *Caldwell v. State Farm Fire &c. Ins. Co.*, 192 Ga. App. 419, 420 (1) (385 SE2d 97) (1989), we determined that the insureds' recorded statements combined with a non-waiver of rights form signed by one insured, and the prompt filing of a declaratory judgment action put the insureds on notice of the coverage questions and adequately protected the insureds' rights. Additionally, in *Southern Gen. Ins. Co. v. Buck*, 202 Ga. App. 103 (2) (413 SE2d 481) (1991), we recognized that the insurance company had not met the immediacy requirement of *Richmond* by failing to file a declaratory judgment action for 14 months. However, due to the absence of a showing of prejudice by the insureds as movants for summary judgment, we found that the insurance company did not waive its right to obtain a judicial determination of the coverage issues. Id. at 105.

In the present case, the insureds' rights were adequately protected. Cincinnati obtained separate counsel for its insureds and their covered family member, Meagan. The insureds were promptly notified of Cincinnati's defenses, and Cincinnati promptly filed this de-

claratory judgment action. In the absence of any prejudice shown by appellees, we find that the requirements of *Richmond* were met.

2. Cincinnati's payment of personal injury protection benefits to Meagan and property damage benefits to its insureds did not waive its right to rely on an exclusion of liability coverage regarding the same accident. See *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431 (288 SE2d 343) (1982). " 'Neither waiver nor estoppel can be used to create a liability not created by the contract and never assumed by the insurer under the terms of the policy.' [Cits.]" Id. at 432.

Appellees assert that our decision in *Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863 (303 SE2d 43) (1983), supports their contention that Cincinnati's payment of PIP and property damage benefits created a waiver of Cincinnati's right to rely on an exclusion of liability coverage. We find that *Sargent* is distinguishable from the present case.

In *Sargent*, a family member of the insured was afforded property damage coverage despite the fact that she did not live with the insured. Id. at 864. Thereafter, the insurance company sought to rely on the family member's nonresidency in order to avoid liability coverage, despite its previous payment of property damage claim. Id. at 865. We stated that "an insurer may waive any provision in an insurance policy inserted for its benefit, and may waive any condition or limitation in the policy upon which it could otherwise rely." (Citations and punctuation omitted.) Id. However, we found that the insurance company's waiver of the residency condition did not result in an expansion of coverage that included a risk not assumed by it, and that once the insurer waived the policy condition, it could not be reclaimed. Id. at 866-867.

In the present case, Cincinnati's payment of PIP benefits did not waive any conditions of insurance and had no effect on the exclusions found in the liability section of the insurance contract. "The law favors the settlement of claims without litigation, and courts should not favor rules which would penalize and punish, and place a premium on the action of an insurance company in settling a claim under a policy." (Citation and punctuation omitted.) *Jacore Systems v. Central Mut. Ins. Co.*, 194 Ga. App. 512, 515 (390 SE2d 876) (1990).

3. We have previously interpreted the liability exclusion upon which Cincinnati seeks to rely and found that it unambiguously excludes liability coverage upon substantially similar facts. See *Cincinnati Ins. Co. v. Plummer*, 213 Ga. App. 265 (444 SE2d 378) (1994). Therefore, the trial court erred in failing to grant Cincinnati's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

Decided November 22, 1994.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Daniel J. Huff, Berlon & Timmel, Michael R. Berlon,* for appellant.
*Crecelius & Crecelius, Bill W. Crecelius, Jr., C. Lawrence Jewett, Jr., Harper, Waldon & Craig, Thomas D. Harper, Sharon Ware & Associates, Donna O. Darroch, Theodore P. Bianco,* for appellees.