S95G1470. HURST v. GRANGE MUTUAL CASUALTY COMPANY.
(470 SE2d 659)

BENHAM, Chief Justice.

Grange Mutual Casualty Company issued a liability insurance policy on a 1976 pickup truck owned by appellant Steve Hurst. The vehicle was involved in a collision while being driven by Hurst's friend, Jerry Adams. In a declaratory action filed by the insurer, the trial court granted summary judgment to the insurer, absolving it of its duty to provide a defense and coverage, and the Court of Appeals affirmed in an unpublished opinion. *Hurst v. Grange Mut. Ins. Co.,* 217 Ga. App. XXX (1995). We granted Hurst's petition for writ of certiorari, and reverse the judgment of the Court of Appeals.

On the day in question, Hurst, the named insured, was driving the truck and Adams was a passenger. Hurst asked Adams to drive and, while Adams was driving, the pickup truck was involved in a collision with a tractor-trailer driven by Floyd Shiver. After Shiver filed suit against Hurst and Adams, Grange Mutual filed the instant action seeking a declaratory judgment that the terms of the policy issued to Hurst afforded no liability coverage to Adams. The insurer relied on undisputed evidence that, at the time Adams drove Hurst's truck, Adams' driver's license had been suspended or revoked. The insurer sought judicial application of the evidence to an exclusionary provision in the policy which stated that no liability coverage was provided for "any person . . . [u]sing a vehicle without a reasonable belief that person is entitled to do so." Concluding as a matter of law that Adams could not reasonably have believed that he was entitled to operate Hurst's truck on the day of the collision because he did not have a valid driver's license, the trial court found that the insurer was under no obligation under the policy issued to Hurst to defend Adams or pay out monies on his behalf, and granted summary judgment to the insurer. The Court of Appeals adopted the trial court's order and affirmed the judgment. This Court granted the petition for writ of certiorari, asking whether the policy exclusion automatically excluded from coverage an unlicensed driver using the vehicle with the express

permission of the insured who did not know that the driver was unlicensed.

1. The exclusion clause at issue differs from the traditional "omnibus" clause which authorizes coverage for a non-owner's permissive use of a vehicle. The new clause is couched in terms of entitlement rather than permission, causing a shift in the inquiry from an objective determination — whether the owner or one in legal possession of the car gave the user permission — to a mixed objective/subjective determination of the user's state of mind — the reasonableness of the user's subjective belief of entitlement. See *Ga. Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co.*, 180 Ga. App. 777, 779 (350 SE2d 325) (1986); *Cooper v. State Farm Mut. Auto. Ins. Co.*, 849 F2d 496, 497, n. 1 (11th Cir. 1988); Jenkins and Miller, Ga. Auto. Ins. Law (1993 ed.), § 10-5 (b).

2. This exclusion has been the subject of much litigation in Georgia, and has been treated in a variety of ways on appeal.[1] In the early case law which developed around this exclusion, the Court of Appeals' decisions turned on whether the driver/tortfeasor had the express or implied permission of the vehicle owner. See *Robertson v. Lumbermen's Mut. Cas. Co.*, 160 Ga. App. 52 (2) (286 SE2d 305) (1981), overruled on other grounds *Grange Mut. Cas. Co. v. Brinkley*, 182 Ga. App. 273 (355 SE2d 767) (1987), where the Court of Appeals affirmed the trial court's grant of summary judgment to the insurer after concluding that the driver could have had no reasonable belief he was entitled to use his estranged wife's car since he had no reasonable belief that he had express or implied permission to use the vehicle. In *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, 174 Ga. App. 513 (330 SE2d 443) (1985), the Court of Appeals found that the exclusion clause was not vague, ambiguous, or susceptible to more than one construction, and affirmed the submission to the trier of fact of the issue whether the driver had used the vehicle with a reasonable belief he was entitled to do so. The court focused its attention on the term "reasonable belief" and found it "clear" that coverage was excluded if the driver knew he was not entitled to drive or, if he believed he was entitled to drive but was without reasonable grounds for such a belief. The appellate court implicitly found the exclusionary language unambiguous in *Ga. Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co.*, supra, 180 Ga. App. 777, and noted that the issue under the exclusion clause, as compared to the more traditional "omnibus" clause, was the state of mind of the driver. Since the driver did not have the owner's permission to use the vehicle and knew that he

---

[1] While serving on the Court of Appeals, Justice Carley, joined by Judge Sognier, opined that the exclusion is not violative of Georgia's public policy. *Johnson v. Blue Ridge Ins. Co.*, 189 Ga. App. 616, 617 (376 SE2d 703) (1988) (Carley, J., concurring specially).

would have been denied permission had he sought it, the appellate court affirmed the declaratory judgment finding no coverage because the driver did not have a reasonable belief he was entitled to use the vehicle. The Court of Appeals again affirmed a trial court's determination of no coverage in light of the exclusion in *McCraney v. Fire &c. Ins. Co. of Conn.*, 182 Ga. App. 895 (357 SE2d 327) (1987), where the tortfeasor/driver had stolen the car he was driving. Likewise, there was no coverage for the driver who took his friend's car without express permission, assuming that their friendship gave him implied permission to use the vehicle. *Samples v. Southern Guaranty Ins. Co.*, 197 Ga. App. 258 (398 SE2d 220) (1990). The appellate court concluded that evidence of the friendship was not sufficient to establish that the driver had a reasonable belief he was entitled to use the friend's vehicle. Id. In *United Svcs. Auto. Assn. v. Lail*, 192 Ga. App. 487, 489 (385 SE2d 424) (1989), the court went so far as to suggest that one driving with permission "therefore had a reasonable belief in his entitlement to use [the vehicle]."

When faced with a series of cases wherein the tortfeasor/driver was unlicensed and therefore was driving in violation of the law, the Court of Appeals initially affirmed a finding of coverage, holding that the operation of a vehicle in violation of licensing laws did not establish that the driver had no reasonable belief he/she was entitled to drive if the unlicensed driver had the permission of the vehicle's owner or apparent owner to do so. *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160 (2) (390 SE2d 52) (1990). Two years later, however, the Court of Appeals held that an unlicensed driver operating a vehicle with permission could not have reasonably believed he was entitled to drive the vehicle in light of his unlicensed status. *Safeway Ins. Co. v. Jones*, 202 Ga. App. 482 (415 SE2d 19) (1992). The appellate court reiterated that holding in *Cincinnati Ins. Co. v. Plummer*, 213 Ga. App. 265 (2) (444 SE2d 378) (1994), but noted that the unlicensed driver in that case was also driving without permission of the owner. See also *Cincinnati Ins. Co. v. Mullinax*, 215 Ga. App. 331 (3) (450 SE2d 336) (1994). In *Miller v. Southern Heritage Ins. Co.*, 215 Ga. App. 173 (450 SE2d 432) (1994), the Court of Appeals completely jettisoned the concept that an unlicensed driver driving a vehicle with the owner's permission could be found to have a reasonable belief he was entitled to do so. The court held that the exclusionary clause required two types of permission — the permission of the owner as well as the permission of the State. In light of the unlicensed driver's admission that he knew he was legally prohibited from driving a car, the court concluded that the exclusion of coverage applied because, as a matter of law, the driver could not have had a "reasonable belief" he was entitled to drive the car. The court distinguished *Safeway Ins. Co. v. Holmes*, supra, 194 Ga. App. 160, on the ground that there was

no evidence that the unlicensed driver in that case knew she was not legally authorized to drive. The *Miller* holding was the foundation for the Court of Appeals' unpublished opinion in the case at bar.

3. The appellate courts of several sister States have also wrestled with the exclusionary provision at issue in the case at bar. Several courts have found the clause ambiguous and construed it against the insurer. Most recently, the Supreme Court of Iowa observed that the word "entitled" was not defined in the insurance policy and concluded the policy was ambiguous since "entitled" could be interpreted to mean having a legal right or authority under applicable law or having the consent or permission of the owner or both. *Farm & City Ins. Co. v. Gilmore*, 539 NW2d 154 (Iowa 1995). In light of the ambiguity, the Iowa court adopted the reading most favorable to the insured, and held that coverage was excluded only when the driver was using the vehicle without a reasonable belief he had the permission of the vehicle's owner or apparent owner. See also *Canadian Indem. Co. v. Heflin*, 727 P2d 35 (Ariz. App. 1986), where the Supreme Court of Arizona found the exclusion clause to be "clearly ambiguous" in light of the divergent interpretations given to it by the parties and the trial court, and construed it against the insurer; *State Farm Mut. Auto. Ins. Co. v. Moore*, 544 A2d 1017, 1019 (Pa. Super. 1988), where the Pennsylvania appellate court found the clause ambiguous because "reasonably intelligent persons would differ regarding its meaning" and construed it against the insurer, holding that the unlicensed driver's reasonable belief he had the permission of the owner or one in lawful possession of the vehicle was sufficient to avoid the exclusion. The court noted that if the insurer wanted to exclude from coverage unlicensed drivers, it could have defined "entitled" to reflect that intent, or the insurer could have added an exclusion specifically removing from coverage persons without a driver's license; *State Auto. Mut. Ins. Co. v. Ellis*, 700 SW2d 801 (Ky. App. 1985), where the Kentucky appellate court determined that the policy did not specify whether "entitled" meant obtaining permission of the owner or whether a valid driver's license was required; and *Safeco Ins. Co. v. Davis*, 721 P2d 550 (Wash. App. 1986), where the Court of Appeals of Washington found the clause ambiguous since there were several reasonable interpretations of "entitled," and held that an unlicensed driver had a reasonable belief she was entitled to drive another's car because the person who regularly drove the car gave her permission to drive.

In a case closely analogous to the one before us, the Supreme Court of North Carolina ruled that summary judgment for the insurer was inappropriate because an unlicensed driver driving with the owner's permission and at the owner's request but knowing that it was wrong for him to drive without a license, could nevertheless have

a reasonable belief that he was entitled to use the vehicle. *Aetna Cas. &c. Co. v. Nationwide Mut. Ins. Co.*, 392 SE2d 377 (N.C. 1990). The North Carolina court pointed out that the dispositive question under the policy exclusion was a question of fact — the driver's reasonable belief that he was entitled to use the vehicle — and not a question of the legality of the act. Id. Applying North Carolina law, the Eleventh U. S. Circuit Court of Appeals opined that one need not show a legal right to drive to establish a reasonable belief of entitlement. *Cooper v. State Farm Mut. Auto. Ins. Co.*, supra, 849 F2d 496. Noting that reasonable minds could differ as to whether having a legal right to drive was a prerequisite to being entitled to use a vehicle, the federal appellate court determined that the policy was ambiguous and construed the ambiguity against the insurer/drafter. Id.

4. In Georgia, an insurer may fix the terms of its policy as it wishes, insuring against certain risks and excluding others, provided the terms are not contrary to law. *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12 (2) (372 SE2d 9) (1988). Where an insurer grants coverage to an insured, any exclusions from that coverage must be defined clearly and distinctly. *American Southern Ins. Co. v. Golden*, 188 Ga. App. 585, 586 (373 SE2d 652) (1988). Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms. *Richards v. Hanover Ins. Co.*, 250 Ga. 613 (1) (299 SE2d 561) (1983). However, if a provision of an insurance contract is susceptible of two or more constructions, even when the multiple constructions are all logical and reasonable, it is ambiguous (*Lakeshore Marine v. Hartford Accident &c. Co.*, 164 Ga. App. 417 (2) (a) (296 SE2d 418) (1982)), and the statutory rules of contract construction will be applied. Pursuant to the rule of construction set forth at OCGA § 13-2-2 (5), the contract will be construed strictly against the insurer/drafter and in favor of the insured. See *American Southern Ins. Co. v. Golden*, supra, 188 Ga. App. at 586.

Since the insurance contract does not contain a definition of the word "entitled," we conclude that the exclusion at issue is susceptible of three logical and reasonable interpretations: that the user must be authorized by law to drive in order to reasonably believe he is entitled to use a vehicle; that the user must have the consent of the owner or apparent owner in order to reasonably believe he is entitled to use the vehicle; or, that the user must have both consent and legal authorization in order to be entitled to use the vehicle. The number of reasonable and logical interpretations makes the clause ambiguous (*Lakeshore Marine v. Hartford Accident &c. Co.*, supra, 164 Ga. App. 417), and the statutory rules of construction require that we construe the ambiguous clause against the insurer. OCGA § 13-2-2 (5). Accordingly, we adopt the interpretation least favorable to the insurer and

determine that the clause excludes from coverage only those non-owner drivers who use a vehicle without a reasonable belief that they had the permission of the owner or apparent owner to do so. Accordingly, it was error to grant summary judgment to the insurer in the case at bar when there was undisputed evidence that the non-owner user had the express permission of the owner to use the vehicle. In so holding, we must overrule those cases which can be read to hold that, as a matter of law, the clause excludes from coverage those unlicensed non-owner drivers who use the vehicle with the permission of the owner or apparent owner: *Miller v. Southern Heritage Ins. Co*, supra, 215 Ga. App. 173; *Cincinnati Ins. Co. v. Mullinax*, supra, 215 Ga. App. 331; *Cincinnati Ins. Co. v. Plummer*, supra, 213 Ga. App. 265; and *Safeway Ins. Co. v. Jones*, supra, 202 Ga. App. 482. Furthermore, to the extent they hold the exclusion clause to be unambiguous, we overrule *Nationwide Mut. Ins. Co. v. Southern Trust Ins. Co.*, supra, 174 Ga. App. 513, and *Ga. Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co.*, supra, 180 Ga. App. 777.

5. There is no question that an insurer has a right to restrict the operation of vehicles insured by it to persons legally qualified to operate an automobile. Appleman, Insurance Law & Practice (Buckley ed.), Vol. 6C, p. 278, § 4401. All semblance of ambiguity is removed by an exclusion relieving the insurer from liability should the vehicle be driven in violation of any law as to drivers' licenses. Id. at 279. The "unlicensed driver exclusion" has been found to be within public policy when applied in a situation wherein the victims of the unlicensed driver had access to insurance funds. *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864, 865 (389 SE2d 370) (1989). See also *Progressive Preferred Ins. Co. v. Williams*, 864 F2d 110 (11th Cir. 1989) wherein the Eleventh U. S. Circuit Court of Appeals found an "unlicensed driver exclusion" not void as against Georgia public policy to the extent the unlicensed driver sought liability coverage for injuries she inflicted. As the exclusion at issue did not clearly and distinctly exclude unlicensed drivers from coverage, it cannot be read as removing from the driver the protection insurance coverage offers. *American Southern Ins. Co. v. Golden*, supra, 188 Ga. App. at 586.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 28, 1996.

*Divine, Dorough & Sizemore, Kermit S. Dorough, Jr., W. James Sizemore, Jr.*, for appellant.

*Simpson, Gray & Cross, Joseph B. Gray, Jr., Melanie B. Cross,*

for appellee.