A97A2226. MARTINEZ et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(495 SE2d 331)

BLACKBURN, Judge.

Fernando T. Martinez and Elaine Mealor, as the administratrix of the estate of Aureliano Labra Herreguin, appeal the trial court's order granting summary judgment to Georgia Farm Bureau Mutual Insurance Company (GFB). GFB filed the underlying declaratory judgment action for a determination of the applicability of certain exclusions contained in the insurance contract it issued to Herreguin. In granting GFB's motion for summary judgment, the trial court determined that the exclusions applied to the instant case.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff,* 221 Ga. App. 592, 593 (472 SE2d 140) (1996)." *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Herreguin died as a result of an automobile accident in which he was driving Curtis Peters' truck. Martinez was a passenger in Peters' truck and was injured in the accident. Both Herreguin and Martinez worked for Peters' Mobile Home Service. On the day of the accident, Peters gave Herreguin permission to drive the truck to take Martinez home from the job site. However, the accident occurred near the location of another job site on Lake Sinclair Road that Herreguin was attempting to locate because he was scheduled to work there the next day. The Lake Sinclair Road job was for another employer unrelated to Curtis Peters. Herreguin intended to find the Lake Sinclair Road job site and then take Martinez home. Martinez did not live in the direction of the Lake Sinclair Road job site.

The insurance policy at issue provided liability coverage to Herreguin while driving his own car or any other covered vehicle. GFB contends that two exclusions to coverage are applicable in the pres-

ent case. Such policy exclusions provide: "A. We do not provide liability coverage for any person: . . . Maintaining or using any vehicle while that person is employed or otherwise engaged in any 'business' . . . [or while] [u]sing a vehicle without a reasonable belief that the person is entitled to do so."

1. Our Supreme Court has recently interpreted the "reasonable belief" provision which excludes insurance coverage when the person using the vehicle was without a "reasonable belief" that they were entitled to do so. See *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712 (470 SE2d 659) (1996). In *Hurst*, the Supreme Court determined that "[t]he exclusion clause at issue differs from the traditional 'omnibus' clause which authorizes coverage for a non-owner's permissive use of a vehicle. The new clause is couched in terms of entitlement rather than permission, causing a shift in the inquiry from an objective determination — whether the owner or one in legal possession of the car gave the user permission — to a mixed objective/subjective determination of the user's state of mind — the reasonableness of the user's subjective belief of entitlement." Id. at 713 (1).

In the present case, Martinez averred that because Peters allowed Herreguin to use the truck for his personal errands on several prior occasions, Herreguin had a "reasonable belief" that he was entitled to use the truck to check out the Lake Sinclair Road job site. In the past, Herreguin had used Peters' truck to get groceries and to visit friends. GFB contends that such past use cannot be used to enlarge the limited permission to use the truck that Peters averred he gave Herreguin on the date of the accident. We cannot agree. Construing the evidence in the light most favorable to Martinez, the non-movant, we find that Martinez' affidavit raises a genuine issue of material fact as to whether Herreguin had a reasonable *subjective* belief that he was entitled to use the truck to find the Lake Sinclair Road job site. Therefore, the trial court erred in granting GFB's motion for summary judgment based on the "reasonable belief" exclusion.

2. The trial court also determined that the business use exclusion precluded liability in the present case. Pursuant to that provision, coverage is not available for any vehicle while the insured is engaged in any business. The issue before the Court is whether driving to a job site to determine its location in order to return the next day for work is engaging in business within the meaning of the policy exclusion.

The policy defined business to "include trade, profession or occupation." It is undisputed that at the time of the accident, Herreguin was using Peters' truck for the purpose of locating the place where he was to work the next day. This was not for Peters' business, and presumably it was also not within the scope of business of Herreguin's

employer for the next day. There has been no evidence presented that Herreguin was being paid to locate the job site the day *before* he was to work. Therefore, we can only determine that Herreguin was engaged in a personal errand to assure himself that he would know the location of his employment for the next day. Such a personal errand does not constitute engaging in any business. Furthermore, this interpretation is consistent with the general rules of interpretation of insurance contracts.

Therefore, the trial court erred in determining that the business use exclusion in the insurance policy precluded coverage and in granting GFB's motion for summary judgment.

3. Due to our holding in Division 2, we need not address Martinez' remaining enumeration of error.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 5, 1998.

*Pizza Law Office, Bhrett J. Pizza, Thomas T. Monk*, for appellants.

*Blasingame, Burch, Garrard, Bryant & Ashley, E. Davison Burch, Russell, Stell, Smith & McLocklin, John E. Stell, Jr., Lambert & Roffman, Mark W. Dauenhauer, William S. Cowsert*, for appellee.