A01A1514. ALLSTATE INSURANCE COMPANY v. SPILLERS et al.
(555 SE2d 489)

MILLER, Judge.

In this declaratory judgment action, Allstate Insurance Company ("Allstate") appeals from the trial court's ruling that, since Randall Spillers had implied permission to use an insured car at the time of a car accident, Allstate was obligated to provide insurance coverage to Spillers for injuries arising out of the accident. Since the incor-

---

rect legal standard was applied by the trial court, we must vacate the trial court's ruling and remand the case for consideration under the proper legal standard.

Spillers purchased a 1987 Ford Mustang in 1995. After having his license suspended and facing various financial issues, Spillers fell behind on the car payments. In order to avoid having the car repossessed, Spillers's father agreed to refinance the car and to take over the payments while Spillers repaid him directly. Spillers's father believed that taking over the payments would place the title to the car in his name, but the title was never transferred and remained in Spillers's name.

After the refinancing, the car was listed as an insured vehicle under Spillers's grandmother's insurance policy. The policy defined an "insured person" as "(a) you, (b) any resident, and (c) any other person using [the insured auto] with your permission." "[Y]ou" and "your" were defined as the policyholder and the policyholder's resident spouse. Spillers did not live with his father and grandmother, but in a nearby trailer. Spillers had his own set of keys to the car, and his father and grandmother were aware that he often drove the car from his grandmother's house, down a public road, and to an auto shop behind his trailer in order to make repairs on the car. Spillers's father and grandmother never expressly told Spillers that he could not drive the Mustang.

After Spillers suffered a work-related head injury in 1998, he developed a drinking problem and experienced moments of memory loss and impaired judgment. Spillers's father and grandmother still did not tell him that he could not use the car.

On March 11, 1999, Spillers drove the car on a public road in the direction of a friend's house. Spillers had been drinking at the time and was not entirely certain where he was headed, but he believed that he was on his way to his friend's garage where additional work could be done on the car. He became involved in a car accident about four miles from his home.

Allstate filed a declaratory judgment action, alleging that Spillers did not have permission to use the Mustang at the time of the accident. The parties agreed to a bench trial and further agreed that the court should issue its final decision based on the written records and the briefs. Reasoning that because Spillers's father and grandmother knew that (1) Spillers had previously driven the car on a public road without having to ask for permission when he moved the car to a shop to work on it, (2) Spillers had impaired judgment but was never told not to drive the car, and (3) Spillers could have been driving the car to a friend's house to conduct further repairs consistent with the scope of prior permission to use the car, the trial court held that "Spillers reasonably could have believed he had permission of

the policy holder to drive the insured vehicle on the day in question."

In a bench trial, factual findings of the trial court will not be set aside unless clearly erroneous,[1] and the decision of the trial court will be affirmed if it is right for any reason.[2] However, "[w]here it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm."[3] Allstate contends that the trial court erred by concluding that Spillers reasonably could have believed that his use of the insured Mustang was within the scope of permission granted by the policyholder since Spillers's reasonable belief regarding permission was irrelevant in light of the insurance policy language. We agree that the trial court should not have based its ruling on Spillers's reasonable belief with respect to the scope of permission and therefore vacate the trial court's ruling and remand the case for consideration under the proper legal standard.

In a declaratory judgment action involving an insurance policy with an omnibus clause like the one at issue here, an objective inquiry is employed to determine "whether the owner or one in legal possession of the car gave the user permission" to use it.[4] "[T]he permission to use contained in [the] omnibus clause refers to the purpose for which [the] permission was given and not to the operation of the vehicle."[5] This is not a case involving policy language about a driver's "reasonable belief" as to their permission or entitlement to use the vehicle, where the inquiry would involve "a mixed objective/subjective determination of the user's state of mind — the reasonableness of the user's subjective belief of entitlement."[6] The relevant inquiry here is not whether Spillers himself had a reasonable belief that he could use the Mustang for the purpose for which he used it, but whether a reasonable person could conclude under the circumstances that the use of the Mustang fell within the scope of the permission granted by the policyholder.[7]

The trial court should not have framed its decision in terms of Spillers's own subjective belief that he had permission to drive the vehicle, but only in terms of the application of an objective inquiry.

---

[1] *State of Ga. v. Banks*, 215 Ga. App. 828, 832 (2) (452 SE2d 533) (1994).

[2] *Municipal Elec. Auth. &c. v. City of Calhoun*, 227 Ga. App. 571, 574 (3) (489 SE2d 599) (1997).

[3] (Citation omitted.) *Gwinnett County v. Davis*, 268 Ga. 653, 655 (492 SE2d 523) (1997).

[4] *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 713 (1) (470 SE2d 659) (1996).

[5] *Ga. Farm &c. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (1) (379 SE2d 619) (1989) (involving identical omnibus clause to the one at issue in the instant case); see also *Strickland v. Ga. Cas. &c. Co.*, 224 Ga. 487, 489-490 (2) (162 SE2d 421) (1968).

[6] (Punctuation omitted.) *Hurst*, supra, 266 Ga. at 713 (1); see also *Harding v. Ga. Gen. Ins. Co.*, 224 Ga. App. 22, 23 (479 SE2d 410) (1996) (applying mixed objective/subjective analysis in case involving policy language that referenced user's reasonable belief regarding permission).

[7] See, e.g., *Ga. Farm &c. Ins. Co. v. Allstate Ins. Co.*, supra, 190 Ga. App. at 594 (1).

Even if the evidence showed that implied permission existed in this case, "the judgment nevertheless must be vacated and the case remanded for this issue to be considered under a correct theory of law because we cannot say what the trial judge would have concluded if [the judge] had been relying on the correct theory."[8]

*Judgment vacated and case remanded. Andrews, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 12, 2001.

*Brooks, Callaway, Braun, Riddle & Hughes, R. Kran Riddle*, for appellant.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl, W. M. Brogdon, Jr.*, for appellees.

Randall Spillers, pro se.

---

[8] (Citations and punctuation omitted.) *Davis*, supra, 268 Ga. at 655.

