## A02A1835. WILBANKS v. ARTHUR.
### (570 SE2d 664)

PHIPPS, Judge.

Mary Elizabeth Wilbanks Arthur filed a dispossessory action to remove her brother, Sandy Bartley Wilbanks, from a tract of land in Rabun County, claiming that Wilbanks was a tenant at sufferance with no authority to occupy the property. The superior court awarded judgment to Arthur. Wilbanks appeals, arguing that the court erred in failing to find that Arthur had lost title to the property through the adverse possession of their mother. We vacate and remand for the court to consider the issue of adverse possession.

Marlor Wilbanks died intestate in 1968, leaving a widow (Wilda Wilbanks), one minor child (Mary Wilbanks, now Arthur), and several adult children, including Sandy Wilbanks. Wilda Wilbanks and her minor daughter were awarded a year's support, which included the 4.86-acre tract where they lived. By warranty deed dated October 17, 1969, Wilda Wilbanks and all heirs at law of Marlor Wilbanks — including Sandy Wilbanks — transferred the property to Arthur in fee simple, but reserved a life estate for Wilda Wilbanks. On November 4, 1972, Wilda Wilbanks deeded her remaining interest in the property to Arthur.

Despite these transfers, Wilda Wilbanks continued living on the property by herself until 1995, when Sandy Wilbanks moved there. Wilbanks testified that, at his mother's request and in order to take care of her, he moved into her house for a short time, and then into a mobile home he placed next to the house. He admitted that he had no title to the property. He claimed, however, that his mother had

acquired title to the property by adverse possession, and that he occupied it with her permission.[1]

After a bench trial, the court awarded possession to Arthur. It ruled that Wilbanks was a tenant at sufferance and therefore "cannot claim a defect in [Arthur's] title as a defense to th[e] proceeding for possession." Thus, the court did not consider whether Arthur lost title to the property through the adverse possession of her mother. Wilbanks argues that the court erred by failing to consider that question, and we agree.

We will not disturb a trial court's factual findings made after a bench trial unless they are clearly erroneous, and we will affirm the court's decision if it is right for any reason.[2] But "where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm."[3]

Under OCGA § 44-7-50 (a), a tenant at sufferance is subject to summary dispossession by the landlord. To prevail in its dispossessory action, the landlord must prove (1) that the parties stood in the relationship of landlord and tenant and (2) that she demanded possession of the tenant.[4] Although an asserted defect in the landlord's title is not a proper defense to a summary dispossessory action, the claim of no landlord-tenant relationship is an appropriate defense.[5] Wilbanks is not challenging the validity of Arthur's original title to the property; he is arguing that she lost that title through adverse possession by their mother. If he is correct, then Arthur was not his landlord and was not entitled to evict him from the premises under OCGA § 44-7-50. Accordingly, the court erred by failing to consider whether Wilda Wilbanks acquired the property through prescription.

Title may be acquired by adverse possession that is public, continuous, exclusive, uninterrupted, and peaceable.[6] However, "[p]ermissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party."[7] Conflicting evidence was presented concerning the nature of Wilda Wilbanks's possession of the land. There was evidence that she had lived there openly, continuously, and peaceably since at least 1969; that she paid the property taxes; that she had borrowed money using the property

---

[1] He also asserted the equitable defenses of unclean hands, laches, and unjust enrichment, but those are not at issue on appeal.

[2] *Allstate Ins. Co. v. Spillers*, 252 Ga. App. 26, 28 (555 SE2d 489) (2001).

[3] (Punctuation and footnote omitted.) Id.

[4] *Good Ol' Days Commissary v. Longcrier Family Ltd. Partnership I*, 240 Ga. App. 111, 113 (1) (522 SE2d 249) (1999).

[5] See *Holy Fellowship Church &c. v. Greater Travelers Rest Baptist Church*, 236 Ga. App. 177, 178-179 (1) (511 SE2d 280) (1999); *Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 593 (2) (409 SE2d 71) (1991).

[6] OCGA § 44-5-161 (a) (3).

[7] OCGA § 44-5-161 (b).

as collateral; and even that she had purported to convey portions of the property to other people. There was also testimony that Arthur only recently had claimed to own the property and that she never expressly granted her mother permission to live there. Certain testimony from Arthur, however, suggests that her mother's possession of the property was permissive, not adverse.

Because the court failed to address and resolve this conflicting evidence, we vacate its order and remand for a determination of whether Arthur was Wilbanks's landlord or whether she lost title to the property through adverse possession.

*Judgment vacated and case remanded. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 29, 2002.

*William B. Barker*, for appellant.
*Harrison & Harrison, G. Hughel Harrison*, for appellee.