A02A1769. ALLSTATE INSURANCE COMPANY v. SPILLERS et al.
(579 SE2d 876)

ADAMS, Judge.

This case arose from a declaratory judgment action filed by Allstate Insurance Company to determine if it owed any duty of defense or coverage to Randall Dean Spillers as a result of an automobile collision he was involved in with Kimberly Jackson. In an order dated December 2000, the superior court determined that Spillers was a permissive user of the vehicle and that Allstate's policy provided coverage. Allstate appealed that determination, and in *Allstate Ins. Co. v. Spillers*, 252 Ga. App. 26 (555 SE2d 489) (2001), this court determined that the superior court applied an incorrect legal standard in concluding that there was coverage. Accordingly, this court vacated the trial court's ruling and remanded the case for reconsideration under the proper legal standard. Id.

On remand, the superior court determined that Spillers was a permissive user of the vehicle and was covered under the Allstate policy. Accordingly, the court entered summary judgment, and Allstate again appeals. For the following reasons, we agree with the superior court's conclusion and affirm.

The facts out of which this appeal arises were fully set forth by this court in *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 27. To summarize the relevant facts, some of which were stipulated by the parties: Spillers bought a Ford Mustang in 1995. After having his license suspended and facing various financial issues, he fell behind in mak-

ing the car payments. To avoid having the car repossessed, Spillers's father agreed to refinance the car and make the payments and have Spillers repay him directly. Although Spillers's father thought that the finance company was going to transfer title to the car to his name, the car title did not transfer, but remained in Spillers's name. Id.

After the refinancing, the car was listed as an insured vehicle under the insurance policy which Spillers's grandmother, Imogene Gunter, had with Allstate. As set forth in our opinion, that policy defined an "insured person" as: "(a) you, (b) any resident, and (c) any other person using [the insured auto] with your permission." (Punctuation omitted.) *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 27. "[Y]ou" and "your" were defined as the policyholder and the policyholder's resident spouse. Id.

Spillers's father and grandmother lived together next door to Spillers and his wife. Spillers had his own set of keys to the Mustang, and his father and grandmother knew that Spillers often drove the car from his grandmother's house, down a public road, and to an auto shop behind his own trailer to repair the car. Spillers's father and grandmother never expressly told Spillers that he could not drive the Mustang. *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 27. They did not give him explicit permission to use the car either.

Spillers suffered an injury in 1998. He also developed a drinking problem and experienced moments of memory loss and impaired judgment. Nonetheless, despite these facts, Spillers's father and grandmother did not tell Spillers that he could not use the car. *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 27.

On March 11, 1999, the collision between Spillers and Jackson occurred as Spillers drove the Mustang on a public road to a friend's house. Spillers had been drinking at the time of the collision, and was not entirely certain where he was headed, but intended to go to his friend's garage to have additional work done on the car. The collision happened about four miles from Spillers's home. *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 27.

After the collision, Allstate filed this declaratory judgment action against Spillers, Jackson and Superior Insurance Company, seeking a determination as to whether it had an obligation to Spillers under its policy. Allstate alleged that Spillers did not have permission to use the Mustang at the time of the collision and thus was not an "insured" under the policy. The parties agreed to a bench trial and further agreed that the court should issue its final decision based on the written records and the briefs.

As stated above, the superior court originally found that Spillers was a permissive user and was covered under the Allstate policy. In reaching this conclusion the court relied on evidence that Spillers's

father and grandmother knew that (1) Spillers had previously driven the car on a public road without having to ask for permission when he moved the car to a shop to work on it, (2) Spillers had impaired judgment but was never told not to drive the car, and (3) Spillers could have been driving the car to a friend's house to make further repairs consistent with the scope of prior permission to use the car. *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 27. Accordingly, the trial court concluded that "Spillers reasonably could have believed he had permission of the policy holder to drive the insured vehicle on the day in question." (Punctuation omitted.) Id. at 27-28.

In vacating and remanding the trial court's decision, this court stated that "the trial court should not have based its ruling on Spillers's reasonable belief with respect to the scope of permission." *Allstate Ins. Co. v. Spillers*, 252 Ga. App. at 28. Instead, this court stated that the pertinent inquiry under the Allstate policy was an objective one to determine "whether the owner or one in legal possession of the car gave the user permission to use it." (Punctuation and footnote omitted.) Id. at 28. In other words, "[t]he relevant inquiry [was] not whether Spillers . . . had a reasonable belief that he could use the Mustang for the purpose for which he used it, but whether a *reasonable person could conclude under the circumstances* that the use of the Mustang fell within the scope of the permission granted by the policyholder." (Emphasis supplied.) Id. at 28.

On remand, citing *American Employers Ins. Co. v. Johns*, 122 Ga. App. 577, 580 (178 SE2d 207) (1970), and *E. Raymond Smith, Inc. v. Allstate Ins. Co.*, 127 Ga. App. 571 (194 SE2d 339) (1972), the superior court explicitly found that a reasonable person under the same circumstances could have concluded that Spillers had the permission of the policyholder to drive the Mustang. Here Allstate argues in its sole enumeration of error that the court erred in concluding that Spillers had permission to drive the Mustang. Allstate contends that Spillers's father's and grandmother's failure to expressly prohibit him from driving does not mean that they permitted him to drive the Mustang and that the permission they gave him to drive the car to be repaired did not authorize the use which resulted in the collision. Allstate distinguishes the two cases the trial court cited and claims that neither one indicates that Spillers operated the vehicle with permission. Citing several cases, including *DeWorken v. State Farm &c. Ins. Co.*, 151 Ga. App. 248 (259 SE2d 490) (1979), and *Samples v. Southern Guaranty Ins. Co.*, 197 Ga. App. 258 (398 SE2d 220) (1990), Allstate contends that neither the title being in Spillers's name nor the fact that he had a set of keys to the car is dispositive of whether he had permission under the policy.

We reject Allstate's arguments and affirm because a reasonable person under the same circumstances could have concluded that

Spillers had permission to drive the Mustang at the time of the collision. In reaching this conclusion, we remember that in the case of policy ambiguities, the policy must be construed against the drafter. *Isdoll v. Scottsdale Ins. Co.*, 219 Ga. App. 516, 518 (1) (466 SE2d 48) (1995).

Our determination that a reasonable person could have concluded that Spillers had permission to use the Mustang rests on several factors. First, title to the Mustang was in Randall Spillers's name. Additionally, Randall Spillers's had keys to the car and frequently drove the car to have it repaired. Given these facts, in the absence of any express prohibition against using the car, it was reasonable to conclude that Spillers had permission. See generally *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712 (470 SE2d 659) (1996). Moreover, unlike the situation in the cases that Allstate cites, in this case there was no evidence that Spillers had ever been scolded by his family for driving the car; nor was there evidence that he had ever been told that he could not use the car. Furthermore, Spillers maintained his own set of car keys — he did not take the keys without permission. See generally *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160 (390 SE2d 52) (1990).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED MARCH 20, 2003.

*Karsman, Brooks & Callaway, R. Kran Riddle*, for appellant.
*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl, W. M. Brogdon, Jr.*, for appellees.
Randall Spillers, *pro se.*