A10A0220. SCOTT et al. v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY.
A10A0221. DANIEL et al. v. GOVERNMENT EMPLOYEES
INSURANCE COMPANY.
(700 SE2d 198)

MILLER, Chief Judge.

On April 9, 2006, Vanessa Smith was driving a car owned by her sister, Falisha Scott and Falisha's husband, Raymond Scott, when she was involved in a three-car collision, resulting in the death of Constance Daniel ("Constance"). The Scotts' automobile insurer, Government Employees Insurance Company ("GEICO") brought this declaratory judgment action against the Scotts, Smith, Romona Daniel, Constance's mother and Administrator of her estate, and other individuals involved in the accident, seeking a judgment, inter alia, that it had no obligation to provide coverage to the defendants or to indemnify them for any claims arising out of the accident. GEICO filed a motion for summary judgment, which the trial court granted.

As these appeals arise out of the same summary judgment order, we have consolidated them for disposition on appeal. In Case No. A10A0220, the Scotts appeal from the trial court's summary judgment order, arguing that the trial court erred in (i) granting summary judgment to GEICO because they are "insureds" under the policy, and no exclusion or condition precluded coverage to them for any claims arising out of the accident, and (ii) denying their motion to amend the summary judgment order. In Case No. A10A0221, Romona Daniel ("Daniel"), Constance's estate, Courtney Daniel, and Princeton Daniel (collectively, "the Daniels") appeal, contending that (i) the trial court abused its discretion in granting summary judgment to GEICO despite its request to continue the motion pursuant to OCGA § 9-11-56 (f), and (ii) genuine issues of material fact exist as to whether Smith was an insured under the policy.

In Case No. A10A0221, we affirm because the trial court did not abuse its discretion in denying the Daniels' motion for continuance and GEICO was entitled to judgment as a matter of law as to the Daniels. In Case No. A10A0220, we reverse in light of GEICO's failure to carry its burden on summary judgment to prove that the Scotts were not entitled to coverage for any claim arising under the policy.

We review a trial court's grant of summary judgment de novo to

determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).

So viewed, the evidence showed that on April 9, 2006, Falisha and Raymond Scott lived in Lithonia. Falisha's sister, Smith, did not reside with them. The Scotts owned a Chevy Trailblazer, which was insured by GEICO under a family automobile insurance policy. On the evening of April 9, 2006, Falisha and Smith had plans to attend a family dinner at a restaurant, and Falisha drove the Trailblazer to pick up Smith in Cobb County. As the two were leaving dinner, Falisha told Smith that she would take her home the following morning because Raymond had to be at work at 11:00 p.m. that evening, and Falisha needed to take care of her children. Falisha drove Smith to the Scotts' home, parked the car in the driveway, and locked the car door. The two went inside and had no conversation thereafter. Falisha went into her bedroom and placed her car keys and purse on her dresser, while Smith remained in the living room. Raymond was not at home. Falisha took a bath and went to bed at approximately midnight. Between 3:30 and 4:00 a.m., Falisha received a phone call from Smith, who told Falisha that she had been in an accident while driving the Trailblazer. The Scotts did not give Smith permission to drive the Trailblazer on April 9, 2006 or on any prior occasion, and Smith had never previously driven the Trailblazer.

On September 25, 2006, Smith was indicted on two counts of vehicular homicide and single counts each of forgery, reckless driving, giving a false name, and driving on a suspended license. On June 29, 2007, Cammie McDonald, a passenger in one of the vehicles involved in the accident, filed a lawsuit against Smith in DeKalb State Court, and on November 7, 2007, GEICO filed the instant action. Thereafter, on November 26, 2007, Daniel filed a wrongful death action against Smith and Falisha in DeKalb State Court.[1] On July 25, 2008, the trial court entered an order (1) enjoining the prosecution of any and all claims the parties may have against each other arising out of the accident, which were pending in the wrongful death action and (2) prohibiting defendants from prosecuting their claims until resolution of the instant action: On September 24, 2008, the trial court entered a default judgment against Smith.

### Case No. A10A0220

1. The Scotts argue that, even though Smith is not an insured under their policy, they are named insureds entitled to coverage for

---

[1] The wrongful death complaint is not included in the record on appeal.

claims arising out of the accident, given GEICO's failure to produce any evidence barring coverage to them. We agree.

As the movant on summary judgment, "the burden is on [GEICO] to show that a loss or claim comes within an exception to coverage." (Citation omitted.) *Lawyers Title Ins. Corp. v. Stribling*, 294 Ga. App. 382, 385 (670 SE2d 154) (2008). In its motion, GEICO sought a ruling that it had no obligation to provide coverage to any defendant for any claim arising out of the accident based on evidence that Smith did not have permission to use the Scotts' Trailblazer and did not reside with the Scotts. GEICO, however, did not support its motion with a copy of Daniel's wrongful death complaint against Smith and Falisha or other evidence which would bar coverage to the Scotts.

The Scotts responded, arguing that they were insureds under the policy; their Trailblazer was an insured vehicle; and GEICO failed to raise any facts which would preclude coverage to them. The language of GEICO's policy is central to this appeal. With respect to coverage of an owned auto, the GEICO automobile policy defines an "insured" as: "1. you and your relatives; 2. any other person using the auto with your permission; [and] 3. any other person or organization for his or its liability because of acts or omissions of an insured under 1 or 2 above." The policy defines "you" as "the policyholder named in the declarations and his or her spouse if a resident of the same household." It further provides:

> We will pay damages *which an insured becomes legally obligated to pay* because of: 1. bodily injury, sustained by a person, and 2. damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or non-owned auto. We will defend any suit for damages payable under the policy.

(Emphasis supplied.)

It is well settled that

> [a]n insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured. We look to the allegations of the complaint to determine whether a claim covered by the policy is asserted. If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action.

(Citations and punctuation omitted.) *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 424 (2) (591 SE2d 430) (2003). Without

YALE LAW LIBRARY

reviewing the claims asserted against the Scotts in the wrongful death action, the trial court had no basis for determining that GEICO had no duty to defend or indemnify them with respect to that lawsuit. Likewise, since McDonald's suit against Smith was also absent from the record, the trial court's order was overbroad in excusing GEICO from defending or indemnifying Smith as to any claim arising out of the accident.

Since there is no ambiguity in the policy, it is "not open to construction but the literal meaning must be attributed to it." (Citation and punctuation omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Wilkerson*, 250 Ga. App. 100, 102 (549 SE2d 740) (2001). Given the plain language of the policy, the Scotts would be entitled to a defense and coverage to the extent a claim is asserted against them purporting to hold them liable based on their ownership and/or Smith's use of the Trailblazer. *Nationwide*, supra, 264 Ga. at 424 (2). Based on the foregoing, the record was insufficient to support GEICO's contention that the Scotts were not entitled to coverage for any claim arising out of the accident. As such, the trial court erred in granting GEICO's motion for summary judgment with respect to the Scotts.

2. In light of our disposition above in Division 1, we need not address the Scotts' contention that the trial court's order denying their motion to amend summary judgment order should be reversed as ambiguous.

### Case No. A10A0221

3. The Daniels argue that the trial court failed to exercise its discretion, or in the alternative, abused its discretion in granting summary judgment for GEICO despite their motion to refuse judgment or grant a continuance under OCGA § 9-11-56 (f). We disagree.

We review the grant or denial of a continuance for an abuse of discretion, and we apply this rule in summary judgment proceedings. *Gilco Investments, Inc. v. Stafford Cordele, LLC*, 267 Ga. App. 167, 169 (1) (598 SE2d 889) (2004).

OCGA § 9-11-56 (f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just.

The Daniels argued below that, given Smith's pending criminal

charges, they "have been unable to depose [Smith] and have been unable to propound written discovery to her" to dispute GEICO's argument that Smith was not a permissive user of the Trailblazer. Counsel for the Daniels submitted an affidavit in support of the Daniels' motion, which stated: "[t]hat the Daniels cannot prepare an adequate substantive response to [GEICO's motion for summary judgment] without deposing and taking written discovery from [Smith], currently charged with [t]wo counts of Vehicular Homicide." The affidavit referenced a protective order entered by the trial court in the wrongful death action relieving Smith "until her criminal charges are disposed of, from having to answer any questions that go to the heart of [GEICO's] defense that [Smith] was neither a named insured under its policy issued to [Falisha], nor a permissive user of [Falisha's] vehicle." The Daniels requested that the trial court refuse judgment on GEICO's motion or continue it until they could depose Smith or obtain written discovery from her following the resolution of her criminal charges.

Absent the transcript from the summary judgment hearing, the Daniels "[have] not overcome the presumption of regularity of the court's proceedings" nor shown that the trial court failed to exercise its discretion in denying their motion to refuse judgment or for continuance. (Citation omitted.) *Cuyler v. Allstate Ins. Co.*, 284 Ga. App. 409, 411 (2) (643 SE2d 783) (2007).

The record shows that in November 2007, Daniel served Smith with interrogatories, requests for admissions and request for production of documents in the wrongful death action. In the instant action, the Daniels failed to pursue any discovery against Smith or any other party. While Smith's deposition was scheduled in October 2008 pursuant to GEICO's notice of deposition, no explanation is given as to why the deposition did not proceed, and no motion to compel appears in the record below. On January 12, 2009, the Daniels and the other parties stated that they "have completed discovery" in a consent motion for continuance submitted to the trial court, requesting a continuance from the court's January 2009 trial calendar. Yet, on February 3, 2009, in their response to GEICO's summary judgment motion, the Daniels claimed that their ability to obtain discovery from Smith had been hampered by the protective order in the wrongful death action and Smith's pending criminal charges. Given the Daniels' lack of diligence in pursuing any discovery against Smith and their representation that discovery was complete, the trial court did not abuse its discretion in granting GEICO's motion for summary judgment. See *Triple Net Properties, LLC v. Burruss Dev. & Constr.*, 293 Ga. App. 323, 326 (1) (667 SE2d 127) (2008) (trial court did not err in denying plaintiff's motion for continuance where plaintiff did not seek continuance until two days

before the summary judgment hearing and then failed to obtain the needed discovery between the time the summary judgment motion was filed and the hearing date); *Shmunes v. Gen. Motors Corp.*, 146 Ga. App. 486 (246 SE2d 486) (1978); compare *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880 (1) (575 SE2d 673) (2002) (grant of summary judgment was premature in light of pending motion to compel discovery).

4. The Daniels contend that genuine issues of material fact exist regarding whether Smith was insured under the policy. We disagree.

Here, the policy contained an omnibus clause which extended coverage to the following insureds: "1. you and your relatives; 2. any other person using the auto with your permission; and 3. any other person or organization for his or its liability because of acts or omissions of an insured under 1 or 2 above." In declaratory judgment actions involving an omnibus provision such as the one at issue here, we employ an objective inquiry to determine "whether the owner or one in legal possession of the car gave the user permission to use it. The permission to use contained in [the] omnibus clause refers to the purpose for which the permission was given and not to the operation of the vehicle." (Punctuation and footnotes omitted.) *Allstate Ins. Co. v. Spillers*, 252 Ga. App. 26, 28 (555 SE2d 489) (2001).

Even construing the evidence in the light most favorable to the Daniels, we conclude that the Daniels failed to come forward with competent evidence creating a genuine issue of fact. While the Daniels point to Falisha and Raymond's deposition testimony that they did not report the Trailblazer stolen, such evidence does nothing to establish that Smith had permission to drive the Trailblazer for the particular purpose for which she used it on the date of the accident. *Allstate*, supra, 252 Ga. App. at 28. To the extent the Daniels rely on Falisha's deposition in the wrongful death action to argue that Smith had permission to use a different vehicle owned by Falisha, we cannot consider this argument because they did not rely on such evidence below. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) (appellate court refuses to review issues that were not raised in the trial court). The Daniels also contend for the first time on appeal that a jury question remains as to whether Smith was an insured within the class of persons defined as "any other person or organization for his or its liability because of acts or omissions of an insured under 1 or 2 above." This issue is waived. See *Colonial Ins. Co. of Ca. v. Progressive Cas. Ins. Co.*, 252 Ga. App. 391, 394 (2) (556 SE2d 486) (2001). Thus, with respect to the Daniels, the trial court did not err in granting summary judgment to GEICO.

*Judgment affirmed in Case No. A10A0221 and reversed in Case*

*No. A10A0220. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 12, 2010.

*Deming, Parker, Hoffman, Campbell & Daly, Frank F. Pape, Jr.,* for appellants (case no. A10A0220).

*Harold W. Spence, George L. French,* for appellants (case no. A10A0221).

*Joseph R. Cruser, Nola D. Jackson,* for appellee.