A08A0635. TURNER et al. v. GATEWAY INSURANCE COMPANY.
(660 SE2d 484)

BLACKBURN, Presiding Judge.

In this civil action arising out of a motor vehicle accident, James Turner and his wife filed suit against M.B. Transportation Company, two of its employees, and Gateway Insurance Company ("Gateway") for injuries sustained by Turner while being transported by M.B. Transportation. The Turners now appeal the denial of their motion for partial summary judgment, which sought to increase the liability coverage limits contained in M.B. Transportation's policy with Gateway and further appeal the grant of summary judgment to Gateway on that same issue, arguing that the trial court erred in finding that

---

[8] *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

[9] *Rowland v. State*, 228 Ga. App. 66, 68 (1) (491 SE2d 119) (1997).

federal law did not mandate reforming the policy to increase the coverage limits. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo.*[2]

So construed, the evidence shows that M.B. Transportation is a motor carrier for hire that is primarily engaged in the business of transporting individuals to various medical facilities throughout Georgia. On occasion, M.B. Transportation also transports individuals from neighboring states to medical facilities within Georgia. In the early morning hours of March 10, 2005, M.B. Transportation was transporting James Turner from his home in Ashburn, Georgia to the VA Medical Center in Decatur when the van, in which he was a passenger, was involved in an accident. As a result of this accident, Turner suffered serious injuries.

Turner and his wife filed a lawsuit against M.B. Transportation, the owner of the company, and the employee who was driving the van that was transporting Turner at the time of the accident, alleging that Turner sustained injuries and other damages as a result of the accident. The Turners also sued Gateway, as M.B. Transportation's liability insurer, under OCGA § 46-7-12 (c), which establishes a cause of action against a motor carrier's insurer on behalf of a third party injured by the motor carrier's negligence. See *Ashley v. Goss Bros. Trucking*;[3] *Morgan Driveaway, Inc. v. Canal Ins. Co.*[4] At the time of the accident, M.B. Transportation had a commercial automobile insurance policy with Gateway that provided liability coverage of up to $100,000 per person injured and maximum coverage of $300,000 per incident. At the close of discovery, the Turners filed a motion for partial summary judgment, arguing that the Federal Motor Carrier Safety Act[5] and its applicable regulations[6] mandated that motor carriers that engage in interstate transport of passengers maintain $5 million in liability coverage, and that therefore the policy that Gateway issued to M.B. Transportation should be reformed to comply with the federal requirement. Shortly thereafter, Gateway filed its

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

[3] *Ashley v. Goss Bros. Trucking*, 269 Ga. 449, 450 (499 SE2d 638) (1998).

[4] *Morgan Driveaway, Inc. v. Canal Ins. Co.*, 266 Ga. App. 765, 766 (1) (598 SE2d 38) (2004).

[5] 49 USC § 31138 (b).

[6] 49 CFR § 387.33.

own motion for partial summary judgment, arguing that its liability, if any, should be limited to the coverage amounts contained in the policy issued to M.B. Transportation. A hearing on the matter was held, after which the trial court denied the Turners' motion for partial summary judgment as to the limits of the liability coverage in the insurance policy and granted Gateway's motion on that same issue. This appeal followed.

The Turners contend that the trial court erred in denying their motion for partial summary judgment concerning the limits of the liability coverage in Gateway's insurance policy issued to M.B. Transportation and in granting Gateway's motion for partial summary judgment on that issue. Specifically, the Turners argue that federal law mandates that M.B. Transportation maintain $5 million in liability coverage, and that therefore the Gateway policy should be reformed to comply with the federal requirement. We disagree.

"In this state, insurance contracts are governed by the rules of construction applicable to other contracts, and words in the policy must be given their usual and common signification and customary meaning." (Punctuation omitted.) *Cuyler v. Allstate Ins. Co.*[7] "The construction of a contract is a question of law for the court." OCGA § 13-2-1. Furthermore,

> [w]hen the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.

(Punctuation omitted.) *Varsalona v. Auto-Owners Ins. Co.*[8]

Here, the plain and unambiguous language of the insurance policy issued to M.B. Transportation by Gateway provided for liability coverage of up to $100,000 per person injured and a maximum coverage of $300,000 per incident. The Turners do not contend that the policy's language is ambiguous but rather seek, in effect, a reformation of the policy to increase the liability coverage to the minimum level that they allege M.B. Transportation was required to maintain by federal law; they argue that to do otherwise would violate public policy. However, reformation "is not available for the purpose of making a new and different contract for the parties, but is

---

[7] *Cuyler v. Allstate Ins. Co.*, 284 Ga. App. 409, 412 (3) (643 SE2d 783) (2007).
[8] *Varsalona v. Auto-Owners Ins. Co.*, 281 Ga. App. 644, 646 (637 SE2d 64) (2006).

confined to establishment of the actual agreement." (Punctuation omitted.) *Lee v. American Central Ins. Co.*[9] Moreover, regardless of whether public policy dictates that motor carriers such as M.B. Transportation maintain the level of insurance coverage outlined in the federal statute, no authority or policy requires insurers, such as Gateway, to provide ex post facto coverage in amounts that exceed what was actually contracted for and purchased by their insured.

Given such circumstances, the trial court correctly found that it had no power to increase the amount of liability coverage contained in Gateway's policy. See *Varsalona*, supra, 281 Ga. App. at 646. Accordingly, the trial court did not err in denying the Turners' motion for partial summary judgment concerning the limits of the liability coverage in Gateway's insurance policy issued to M.B. Transportation and in granting Gateway's motion for partial summary judgment on that same issue.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 3, 2008.

*Maniklal & Dennis, Preyesh K. Maniklal,* for appellants.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson,* for appellee.

---

[9] *Lee v. American Central Ins. Co.*, 241 Ga. App. 650, 652 (4) (530 SE2d 727) (1999).