A10A1974. CLAYTON v. SOUTHERN GENERAL INSURANCE
COMPANY.
A10A1975. DILLARD v. SOUTHERN GENERAL INSURANCE
COMPANY.
A10A1976. ROBINSON v. SOUTHERN GENERAL INSURANCE
COMPANY.
(702 SE2d 446)

BLACKBURN, Senior Appellate Judge.

Jocorey Dillard (a minor) and Lakesha Robinson suffered injuries as a result of an automobile accident, in which their vehicle was struck by a vehicle insured by Southern General Insurance Company ("SGIC"). SGIC sought a declaratory judgment that its policy excluded liability coverage for the driver of its insured's vehicle. Following the trial court's grant of summary judgment in favor of SGIC, Dillard, Robinson, and Patricia Clayton (as next friend of Dillard) (collectively "appellants") separately appeal, contending that genuine issues of material fact exist as to whether the driver of the insured's vehicle was covered as a permissive user under SGIC's policy. Because these appeals involve the same parties, set of facts, and principles of law, we consolidate them for review. For the reasons set forth below, we affirm in all three cases.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1]

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

"On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." (Punctuation omitted.) *McCall v. Couture.*[2]

So construed, the record shows that on May 24, 2008, Latoya Wooten asked her mother, Gynetha Wooten, if she could borrow Gynetha's car in order to drive back to her home, which was several miles away in a neighboring town. Although Latoya's father, who did not live with and was not married to her mother, held the car's title, Gynetha exercised complete control over the car, was responsible for making the car's loan payments, and had obtained insurance coverage for the car in her name from SGIC. On a few past occasions, Gynetha had allowed Latoya to borrow her car for limited purposes such as picking up groceries but had always demanded that no one else drive the car and that Latoya return it immediately after completing her errands. In addition, Latoya did not have her own set of keys to the car. On this occasion, Gynetha agreed to allow Latoya to borrow her car but told her that she could only drive it to her home and then to her work early the next morning, at which point Gynetha would come to retrieve it.

Latoya drove her mother's car to her own home later that afternoon. That same night, she hosted a small party for a few friends at her home. Shortly after midnight, the party ended and Latoya went to bed. While she was asleep, Wayne Neal, who was Latoya's boyfriend and sometimes stayed overnight at her home, took the keys to her mother's car and drove to pick up his cousin so that the two of them could go to a nightclub. On the way back home from the club, Neal's cousin was driving the car when he collided with another car, in which Dillard and Robinson were passengers. Latoya was unaware that Neal and his cousin had taken her mother's car until later that morning when she was awakened by a phone call, informing her of the accident.

Several months after the accident, SGIC filed a petition for declaratory judgment, which included Dillard, Clayton, and Robinson as respondents and which alleged that neither Latoya's boyfriend Neal nor Neal's cousin was entitled to coverage under the insurance policy for Gynetha's car because neither qualified as a permissive user according to the language of the policy. Discovery was conducted, and at its conclusion, SGIC filed a motion for summary judgment, which the trial court granted. These appeals followed.

---

[2] *McCall v. Couture*, 293 Ga. App. 305 (666 SE2d 637) (2008).

Appellants contend that the trial court erred in granting summary judgment in favor of SGIC, arguing that genuine issues of material fact exist as to whether Neal and his cousin were permissive users of the insured car and therefore were entitled to coverage under the SGIC policy. We disagree.

"In this [S]tate, insurance contracts are governed by the rules of construction applicable to other contracts, and words in the policy must be given their usual and common signification and customary meaning." (Punctuation omitted.) *Turner v. Gateway Ins. Co.*[3] "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties." (Punctuation omitted.) *Varsalona v. Auto-Owners Ins. Co.*[4] "The proper construction of a contract, and whether the contract is ambiguous, are questions of law for the court to decide." (Punctuation omitted.) *McGregor v. Columbia Nat. Ins. Co.*[5] See *Turner*, supra, 290 Ga. App. at 739; OCGA § 13-2-1.

In this matter, it is undisputed that Gynetha obtained insurance coverage for her car from SGIC and is the named insured in the SGIC policy. The "Liability To Others Coverage" section of that policy provides:

> When used in Part I "insured person" or "insured persons" means:
>
> 1. You with respect to an accident involving your insured car;
>
> 2. You while driving a non-owned car with permission;
>
> 3. Any other person driving your insured car with the expressed or implied consent of the named insured.

In addition, the "Exclusions" section of the policy provides: "Liability coverage and duty to defend does not apply to: . . . 3. Bodily injury or property damage caused by any person using a car without a reasonable belief that that person is entitled to do so."

Given that neither Gynetha nor her daughter (Latoya) was driving the car at the time of the accident, the initial relevant inquiry for determining the existence of policy coverage is whether the owner or one in legal possession of the car gave the user permission

---

[3] *Turner v. Gateway Ins. Co.*, 290 Ga. App. 737, 739 (660 SE2d 484) (2008).

[4] *Varsalona v. Auto-Owners Ins. Co.*, 281 Ga. App. 644, 646 (637 SE2d 64) (2006).

[5] *McGregor v. Columbia Nat. Ins. Co.*, 298 Ga. App. 491, 496 (2) (b) (680 SE2d 559) (2009).

to use it. See *Allstate Ins. Co. v. Spillers*.[6] Here, there is no evidence that Gynetha or Latoya gave either Neal (Latoya's boyfriend) or Neal's cousin permission to use Gynetha's car. In fact, the undisputed evidence was that Gynetha told Latoya that no one else had permission to use the car and that even Latoya's use was limited to driving to her home and to work. Thus, there is no evidence creating a genuine issue of material fact as to whether Neal or his cousin was an insured person under the SGIC policy. See *DeWorken v. State Farm &c. Ins. Co.*[7]

Additionally, coverage in this matter is expressly excluded under the policy given that Neal and his cousin were using the car without a reasonable belief that they were entitled to do so. As noted, it is undisputed that neither Gynetha nor Latoya gave Neal or his cousin express permission to use Gynetha's car, and appellants did not offer any evidence to indicate that Gynetha or Latoya had implicitly permitted them to use it. Furthermore, "[u]nlike spouses who have exchanged keys to their respective cars, friends who have not done so cannot reasonably be presumed to have dispensed with the necessity for securing express permission prior to driving each other's automobiles." *Samples v. Southern Guaranty Ins. Co.*[8] Although Latoya and Neal were more than friends, and in fact had a child together, they did not live together, and Neal was never given a set of keys to Latoya's mother's car. Thus, there was no evidence creating a genuine issue of material fact as to whether Neal or his cousin had a reasonable belief that they were entitled to use Gynetha's car. See id.; *Omni Ins. Co. v. Harps*.[9]

Moreover, even if we were to assume that Neal and his cousin were reasonably entitled to believe that they had permission from Latoya to use Gynetha's car, SGIC was still entitled to summary judgment. "The 'second permittee' doctrine provides that when a third person uses a car via another person who did have permission to use the car, this is a permissive use under the insurance policy as long as the use falls within the scope of the permission." (Punctuation omitted.) *Prudential Property &c. Ins. Co. v. Walker*.[10]

To determine whether the use falls within the scope of the permission, the test is: (1) whether the owner's permission

---

[6] *Allstate Ins. Co. v. Spillers*, 260 Ga. App. 436, 438 (579 SE2d 876) (2003).

[7] *DeWorken v. State Farm &c. Ins. Co.*, 151 Ga. App. 248, 250-251 (1), (2) (259 SE2d 490) (1979).

[8] *Samples v. Southern Guaranty Ins. Co.*, 197 Ga. App. 258, 259 (398 SE2d 220) (1990).

[9] *Omni Ins. Co. v. Harps*, 196 Ga. App. 340, 342-343 (396 SE2d 66) (1990).

[10] *Prudential Property &c. Ins. Co. v. Walker*, 219 Ga. App. 84, 85 (1) (464 SE2d 230) (1995).

> to the first permittee included the use to which the third person put the car, and (2) whether the scope of the permission the third person received from the first permittee exceeded the scope of permission given the first permittee by the owner.

Id. Here, Latoya was given permission to use her mother's car for the purpose of driving to her home and to work the next morning and had been told in the past by her mother not to loan the car to anyone. Thus, Neal's and his cousin's use of the car in the early morning hours to drive to a nightclub far exceeded the permission given by Gynetha to Latoya. See id.; *DeWorken*, supra, 151 Ga. App. at 251 (2).

Nevertheless, in support of their contention that questions of fact remain as to whether Neal and his cousin had implied permission to use Gynetha's car or a reasonable belief that they were entitled to do so, appellants point to Latoya's deposition testimony that she did not report her mother's car stolen. However, such evidence does nothing to establish that Neal or his cousin had permission to drive Gynetha's car for the particular purpose for which they used it on the date of the accident. See *Scott v. Govt. Employees Ins. Co.*[11] Accordingly, the trial court did not err in granting summary judgment in favor of SGIC. See *Samples*, supra, 197 Ga. App. at 259-260.

*Judgments affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 7, 2010 — 

*Christopher S. Warren, James M. Kirtlink*, for appellants.
*Swift, Currie, McGhee & Hiers, Kenneth M. Barre, Ariel D. Zion*, for appellee.

---

[11] *Scott v. Govt. Employees Ins. Co.*, 305 Ga. App. 153, 158 (4) (700 SE2d 198) (2010).