**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 25, 2018**

# In the Court of Appeals of Georgia

A17A1813. STANLEY v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.

DILLARD, Chief Judge.

In this civil action, Jason Stanley sued Alissa Young, alleging that while driving a vehicle owned by his employer, he suffered injuries in a head-on collision with a vehicle driven by Young. In addition, Stanley sought uninsured-motorist ("UM") coverage from his fiancé's parents' automobile insurance carrier, Government Employees Insurance Company ("GEICO"). GEICO filed a motion for summary judgment, arguing that Stanley was not an insured under the policy and, thus, was not entitled to UM coverage. The trial court granted GEICO's motion, and Stanley now appeals, arguing that the court erred in ruling that he was not an insured

under the policy and in failing to rule on his motion to set aside its judgment based on previously unconsidered evidence. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to Stanley (*i.e.*, the nonmoving party),[1] the record shows that on January 20, 2015, GEICO issued an automobile insurance policy to Allen and Rosa McMillan, who are the parents of Stanley's fiancé, Robmeka Scott. The policy's declaration page listed the McMillans as the "Named Insureds" and Stanley as an "Additional Driver." And at that time, the McMillans, Stanley, and Scott resided in the same home.

On May 28, 2015, Stanley was driving a vehicle owned by his employer, when he was involved in a head-on collision with a vehicle driven by Young. As a result of the accident, Stanley suffered serious injuries. Later, Stanley submitted a claim to Young's insurer, State Farm, but State Farm denied his claim, informing him that Young's policy had lapsed at the time of the accident. Consequently, Stanley submitted a UM claim to GEICO under the McMillans' policy, but GEICO also denied coverage.

---

[1] *See, e.g., Swanson v. Tackling*, 335 Ga. App. 810, 810 (783 SE2d 167) (2016).

On April 25, 2016, Stanley filed a lawsuit against Young, alleging that the collision was a result of her negligence and seeking damages for his injuries. Stanley also served GEICO with a summons and copy of the complaint. GEICO filed an answer and cross claim against Young. Thereafter, GEICO filed a motion for summary judgment, arguing that Stanley was not an insured under the policy and, thus, was not entitled to UM coverage under the policy's terms. Stanley filed a response, but on February 27, 2017, the trial court issued an order granting summary judgment in favor of GEICO.

Subsequently, at Stanley's request, the trial court granted a 30-day extension of time in which to file his notice of appeal. Then, on March 30, 2017, Stanley filed a motion to set aside the trial court's grant of summary judgment, arguing that Robmeka Scott was actually his common-law wife, rather than his fiancé, and therefore, he was covered by her parents' policy as a relative of the named insureds. GEICO filed a response, but before the trial court ruled on the motion, Stanley filed his notice of appeal of the summary-judgment order.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law."[2] If summary judgment is granted, it enjoys no presumption of correctness on appeal, and it is our responsibility to determine if the requirements of OCGA § 9-11-56 (c) have been satisfied.[3] In conducting this *de novo* review, we are charged with "viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant."[4] Bearing these guiding principles in mind, we turn now to Stanley's specific claims of error.

1. Stanley contends that the trial court erred in granting summary judgment to GEICO, arguing that he was insured under the terms of the McMillans' GEICO policy and, thus, was entitled to UM coverage. We disagree.

It is well established in Georgia that insurance contracts are "governed by the rules of construction applicable to other contracts, and words in the policy must be given their usual and common signification and customary meaning."[5] It is similarly

---

[2] OCGA § 9-11-56 (c).

[3] *See Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

[4] *Benefield v. Tominich*, 308 Ga. App. 605, 607 (1) (708 SE2d 563) (2011) (punctuation omitted).

[5] *Roberson v. Leone*, 315 Ga. App. 459, 462 (726 SE2d 565) (2012) (punctuation omitted); *accord Old Republic Nat'l Title Ins. Co. v. RM Kids, LLC*, 337

well established that the hallmark of contract construction is to "ascertain the intention of the parties, as set out in the language of the contract."[6] And when the language of an insurance policy defining the extent of an insurer's liability is "unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties."[7] Importantly, the proper construction of a contract, and whether the contract is ambiguous, are "questions of law for the court to decide."[8]

In this matter, the Declaration Page of the GEICO policy at issue lists the McMillans as the Named Insureds and lists Stanley as an Additional Driver. Under the provision titled "Section I - Liability Coverages," the policy defines "Insured" to mean "a person or organization described under 'persons insured.'" And it defines

Ga. App. 638, 642 (1) (788 SE2d 542) (2016).

[6] *Y.C. Dev. Inc. v. Norton*, ___ Ga. App. ___, Slip op. at 4 (1) (Case No. A17A1591; decided November 1, 2017) (punctuation omitted); *accord Infinity Gen. Ins. Co. v. Litton*, 308 Ga. App. 497, 500 (2) (707 SE2d 885) (2011).

[7] *Roberson*, 315 Ga. App. at 462 (punctuation omitted); *see Litton*, 308 Ga. App. at 500 ("The hallmark of contract construction is to ascertain the intention of the parties." (punctuation omitted)).

[8] *Roberson*, 315 Ga. App. at 462 (punctuation omitted); *accord Clayton v. S. Gen. Ins. Co.*, 306 Ga. App. 394, 396 (702 SE2d 446) (2010).

"You and your" to mean "the policyholder named in the declarations or his or her spouse if a resident of the same household." But under the Georgia Amendment to the policy, the definition of "You and your" is modified slightly and provides: "*You* and *your* means the named insured shown in the declarations or his or her spouse if a resident of the same household." Under the heading titled "Persons Insured," the policy provides as follows:

Who Is Covered

Section I applies to the following with regard to a *non-owned auto*;

1. (a) *You*;

(b) *Your relatives* when operating a *private passenger*, *farm* or

*utility auto* or *trailer*.

2. A person or organization, not owning or hiring the auto,

regarding his, hers or its liability because of acts or omissions of

an *insured* under 1 above.

And turning to the part of the policy most relevant to this matter, "Section IV - Uninsured Motorist Coverage" provides:

6

The definitions of terms for Section I apply to Section IV except for the following special definitions:

. . .

2. *Insured* means:

(a) *You* and *your* spouse if a resident of the same household;

(b) *Relatives* of (a) above if residents of his household;

(c) Any other person while *occupying* an *owned auto* with *your* consent or operating an *owned auto* with *your* express or implied permission;

Stanley argues on appeal—and similarly argued in the trial court—that he is entitled to coverage under the UM provision of the GEICO policy because the policy defines "You" to mean "the policyholder named in the declarations," and his name is one of the names listed in the declarations. From this premise, he then reasons that because the term "policyholder" is not defined, at the very least, the policy is ambiguous and should, thus, be strictly construed against GEICO.[9] But Stanley's

_____

[9] *See Auto-Owners Ins. Co. v. Neisler*, 334 Ga. App. 284, 287 (1) (779 SE2d 55) (2015) (noting that ambiguities in an insurance policy are strictly construed against the insurer as the drafter).

argument is belied by the Georgia Amendment to the policy, which—as noted *supra*—modified the term "You" and defines it to mean "the named insured shown in the declarations or his or her spouse if a resident of the same household." Here, as also noted *supra*, the Declarations Page lists only the McMillans as the "Named Insureds" and explicitly lists Stanley as an "Additional Driver." And Georgia law is clear that "listed drivers are not named insureds."[10] Moreover, even under the policy's general definitions, providing that "You" means "the policyholder named in the declarations," Stanley is not covered. Indeed, the term "policyholder" is commonly defined as "one who owns an insurance policy, regardless of whether that person is the insured party,"[11] and it is undisputed that Stanley does not own the policy.

Alternatively, Stanley argues that he is covered by the "Medical Payment Coverage" section of the policy, which, in relevant part, provides that GEICO "will

---

[10] *Dunn-Craft v. State Farm Mut. Auto. Ins. Co.*, 314 Ga. App. 620, 621 (1) (724 SE2d 903) (2012); *see Ga. Farm Bureau Mut. Ins. Co. v. Wilkerson*, 250 Ga. App. 100, 101 (549 SE2d 740) (2001) (holding that although injured driver may be insured because he is an authorized driver of the insured vehicle, he is not the named insured when not listed as such on declaration page of policy); *Griffin v. State Farm Mut. Auto. Ins. Co.*, 129 Ga. App. 179, 182 (1) (199 SE2d 101) (1973) (noting that amending a policy to add a person as a driver of the insured vehicle does not make that person a "named insured").

[11] Black's Law Dictionary 1178 (7th ed. 1999).

8

pay reasonable expenses actually incurred by *an insured. . . .*" But this section of the policy does not modify the definition of the terms "insured" or "you" and, thus, Stanley's argument in this regard fails for the same reason that his claim of coverage under the UM section fails.[12] Accordingly, the trial court did not err in granting summary judgment in favor of GEICO.

2. Stanley also contends that the trial court erred by failing to rule on his motion to set aside the court's grant of summary judgment based on previously unconsidered evidence. Specifically, Stanley argues that despite his earlier stipulation to GEICO's statement of facts indicating that he was Scott's fiancé, Scott is actually his common-law wife[13] and, therefore, he is covered under the GEICO policy as a relative of the McMillans.

---

[12] *See supra* note 10.

[13] Stanley claims that he and Scott established a common-law marriage while living in the District of Columbia, which recognizes such relationships. *See Hoage v. Murch Bros. Constr. Co.*, 50 F2d 983, 986 (D.C. Cir. 1931) (holding that "the decision of the lower court that common-law marriages in the District are invalid is not supported by law, and is wrong."). And although he acknowledges that Georgia no longer recognizes common-law marriages, he correctly notes that "Georgia, like other states not generally recognizing common law marriages, will recognize as valid a common law marriage established under the laws of another state." *Norman v. Ault*, 287 Ga. 324, 325 (1) (695 SE2d 633) (2010).

Nevertheless, as Stanley acknowledges, the trial court did not rule on his motion to set aside the court's summary judgment, "and this Court cannot address any issue on which the trial court did not rule."[14] Indeed, this Court is for the correction of errors of law, and when "the trial court has not ruled on an issue, we will not address it."[15] Consequently, Stanley's motion to set aside remains pending in the trial court and is not yet ripe for review by this Court.[16]

For all these reasons, the trial court's judgment is affirmed.

*Judgment affirmed. Ray and Self, JJ., concur.*

---

[14] *Banks v. Echols*, 302 Ga. App. 772, 778 (2) (691 SE2d 667) (2010).

[15] *Id.* (punctuation omitted).

[16] *See id.* (holding that because trial court had not ruled on appellant's counterclaim prior to appeal, that issue was not ripe for appellate review and remained pending in the trial court).